## ANNA STEPHENS v. THE PEOPLE.

*Challenging jurors.*

The judge may examine jurors on the part of the prosecution if he chooses, but defendant's counsel are entitled to re-examine them.

In Michigan there is no practical difference in criminal cases between a challenge for principal cause and a challenge for favor; and a judge in ruling upon a challenge, should make his ruling cover both grounds.

The right to a speedy and public trial in criminal cases by an impartial jury cannot be taken away by legislation.

A juror's opinion as to the guilt or innocence of the accused must not be such as will prevent his giving due weight to the presumption of innocence.

A juror who is so impressed with the guilt of the accused as to need evidence to overcome his impressions, is not impartial; and it is useless to ask him whether he can return a just and impartial verdict.

Error to Alpena. Submitted April 17. Decided June 4.

INFORMATION FOR KEEPING A HOUSE OF ILL-FAME. Defendant appeals.

*J. D. Turnbull* and *J. L. Chipman* for plaintiff in error.

Attorney General *Otto Kirchner* for The People declined to support the conviction.

COOLEY, J. The plaintiff in error was convicted of keeping a house of prostitution. The errors assigned which require attention arise upon the rulings on challenges to jurors. The offense was alleged to have been committed between the fifteenth and seventeenth days of October, 1877. Six of the persons who were summoned as jurors on being challenged stated under oath that they had formed an opinion from what they had heard, or from reputation, that the house kept by the defendant was a house of prostitution, and some of them

stated that their opinions or impressions were of that character that it would require evidence to remove them. In each instance when the defense had gone through with its examination of the juror, the judge took him in hand, and the following is his examination of the first:

Question. Will you state whether the information you have received or the impression you have formed in regard to the house there is of such a positive character that it would be impossible for you to sit here and hear the testimony and decide impartially between the people of this State and the prisoner at the bar, as to whether she was guilty of the crime charged within the date mentioned in this information? Answer. I think not sir. Question. You think you could sit? Answer. Yes sir.

The court thereupon overruled the challenge, and on the defendant's counsel proposing to ask the juror another question, the judge interposed and said: "You have got done examining and submitted the challenge, and the court has overruled it." To which the counsel for defendant responded: "Have we not the privilege of asking some other questions?" The court replied: "You have challenged for principal cause, and when once you have gone over the witness and asked what questions you propose to ask, and submitted the questions to the court, and the court has decided it, that is the end of that juror. Take your exception, and go on with your challenges, if you have any more." Counsel for the defendant then inquired: "Do I understand the court to hold that we cannot ask any further questions?" The judge replied: "After you have once submitted the question, and the court has overruled it, and I refuse to allow any further questions to that juror, go on with your challenges." Similar proceedings took place on the examination of each of the other jurors; the judge in every instance declining to permit the counsel for the defendant to put any questions after the judge himself had taken the juror in hand and declared himself satisfied. It does not appear from the record that the prosecuting attorney put to the jurors any questions whatever,

but in every instance the judge took upon himself the burden of the investigation.

We shall not question the right of the judge to pursue the examination of the juror personally, instead of leaving it, as is customary, to the prosecuting officer; but he is mistaken in supposing that the defense could have any less liberty in re-examination than if he had allowed the case to proceed in the usual way. He was mistaken, also, in assuming that the defense had submitted the challenge. The defense had indeed rested on their examination; but they had not rested the case as it stood when the judge concluded, and it was just as much their privilege to meet, by further inquiries, what had been drawn out by him as it would have been had the same replies been drawn out by the prosecuting officer. If the judge on the trial of the main issue were to take upon himself the cross-examination of defendant's witnesses, he might with the same reason deny the right of re-examination in that case as in this.

But the judge was equally in the wrong in overruling the challenge on the showing as it stood. His decision we understand to have been planted on the act of April 18, 1873, which is copied in the margin. It will be noticed that that act undertakes to declare what shall not constitute ground of challenge for principal cause; but it does not say that the same or any other facts shall not

---

AN ACT in relation to challenges of jurors in criminal cases.

SECTION 1. *The People of the State of Michigan enact,* That the previous formation or expression of opinion or impression, not positive in its character, in reference to the circumstances upon which any criminal prosecution is based, or in reference to the guilt or innocence of the prisoner, or a present opinion or impression in reference thereto, such opinion or impression not being positive in its character, or not being based on personal knowledge of the facts in the case, shall not be a sufficient ground of challenge for principal cause, to any person who is otherwise legally qualified to serve as a juror upon the trial of such action: *Provided,* The person proposed as a juror, who may have formed or expressed, or has such opinion or impression as aforesaid, shall declare on oath, that he verily believes that he can render an impartial verdict according to the evidence submitted to the jury on such trial: *Provided further,* The court shall be satisfied that the person so proposed as a juror does not entertain such a present opinion as would influence his verdict as a juror. *Act 117 of 1873, Vol. 1, p. 162.*

be ground of challenge to the favor. The act appears to have been taken from that of New York of the previous year (Laws of 1872, ch. 475), and in adopting it in this State the Legislature perhaps overlooked the fact that in this State the distinction between challenges for principal cause and to the favor had been practically abolished. *Holt v. People*, 13 Mich., 224. In New York it has been decided under this statute that though the opinions or impressions of the juror no longer constitute cause for principal challenge under circumstances specified therein, yet that they may still constitute ground of challenge to the favor. *Thomas v. People*, 67 N. Y., 218. And the challenge made in this case should have been regarded by the court as covering the whole ground of a challenge for principal cause and also of a challenge for favor; and it was not sufficient for the court to find that as a challenge for principal cause it was not sustained, but he should further have found whether or not the juror was indifferent.

The Constitution of this State provides that "In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury." Art. 6, § 28. Of course no legislation can take this right away. In *Holt v. People*, 13 Mich., 224, decided long before the act of 1873 was passed, it was decided by this court that the law did not require that a juror should be entirely unimpressed with any views as to the guilt or innocence of the person on trial, but only that he should not have an opinion of such a fixed and definite character as to leave a bias on his mind which would preclude his giving due weight to the presumption of innocence. In that decision we followed what we believed to be the settled law of the country, citing in support of it, among others, the opinion of Chief Justice Marshall in *Burr's Case*. It was believed that the decisions in New York which had led to the legislation on the subject in that State, followed in that now under consideration, were departures from the common law rule, and that they required a

state of mind in jurors which often, and especially in case of crimes likely to attract much public attention, is unattainable among an intelligent and reading people. And we may add to the authorities then cited, as supporting the same views, *Scranton v. Stewart*, 52 Ind., 68; *Curley v. Commonwealth*, 84 Penn. St., 151; *Robinson v. Randall*, 82 Ill., 521. The rule laid down in that case was one sufficiently liberal to protect the public, and at the same time it is not unjust to the accused. It is more reasonable to suppose that the act of 1873 was intended to be in affirmance of this rule, and to put it beyond being modified and overruled, than that it was meant to take from the accused the most important security of fair trial.

The question on this record is, whether that jury can be an impartial one whose members are already so impressed with the guilt of the accused that evidence would be required to overcome such impressions. It seems to us that this question needs only to be stated: it calls for no discussion. This woman instead of entering upon her trial supported by a presumption of innocence, was in the minds of the jury when they were impaneled condemned already; and by their own statements under oath it is manifest that this condemnation would stand against her until removed by evidence. Under such circumstances it is idle to inquire of jurors whether or not they can return just and impartial verdicts; the more clear and positive were their previous impressions of guilt the more certain may they be that they can act impartially in condemning the guilty party. They go into the jury box in a state of mind that is well calculated to give a color of guilt to all the evidence; and if the accused escapes conviction, it will not be because the evidence has established guilt beyond a reasonable doubt, but because an accused party, condemned in advance, and called upon to exculpate himself before a prejudiced tribunal, has succeeded in doing so.

It is clear to our minds that this woman has not had an impartial jury trial, and the judgment must be reversed, and the cause remanded.

The other Justices concurred.