## DELIA DONOVAN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 31, 1891.*

1. JURY—*in a criminal case—right of examination on voir dire.* On the selection of a jury in a criminal case the court ordered twelve jurors into the jury box, and directed the State's attorney to make such statement as he desired prior to their examination, and then asked counsel for defendant if they desired to make any statement, who answered in the negative. The court then examined four jurors in respect to their qualifications, whether they had read or heard of the facts, whether they knew the defendant or her attorneys, or had formed or expressed any opinion as to her guilt or innocence, or entertained any prejudice, or knew of any reason why they could not give the defendant a fair and impartial trial, but refused to allow her counsel to examine the jurors for cause, or for the purpose of determining whether they would exercise the right of peremptory challenge, except by the mouth of the court: *Held*, that the court erred in refusing defendant's counsel the privilege of examining the jurors.

2. The law gives the right to a peremptory challenge of jurors, to be exercised in the discretion of the party entitled, and the courts are not authorized to limit or restrict the right, or prescribe rules which shall render it unavailing. Such reasonable examination by counsel should always be allowed as will enable the court to see that the jurors stand indifferently between the parties, and are possessed of the requisite qualifications, and also to enable counsel to challenge for cause, if it exists, or to exercise the right of peremptory challenge, when in their judgment it is deemed necessary or advisable.

3. The court may also examine the jurors, if he sees fit to do so; and if not otherwise satisfied of their competency or impartiality, should always make such examination as will satisfy him thereof.

4. On the trial of one for crime, the defendant, through his counsel, has the right to ask pertinent and proper questions of the persons called as jurors, testing their capacity and competency, and to advise him of the propriety of exercising the right of peremptory challenge, and it is error to deny such right. It is often indispensable to an intelligent selection of a fair and impartial jury, that the occupation, habits, associations and predisposition of the juror should be known, so far as they may tend to bias or pervert his judgment.

5. SAME—*nature and extent of examination.* The examination of jurors should in all cases be confined to a legitimate inquiry into the

particular matter under investigation, and taking range enough only to put the court and counsel in possession of such material matters affecting the jurors as will enable them to act intelligently in the selection of the jury.  The nature and extent of the inquiry in each case is ordinarily left to the sound judicial discretion of the court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Mr. GEORGE M. BOYD, for the plaintiff in error:

The statutes of this State bearing upon the question here are chapter 78, sections 12, 21 and 23.  The trial judge has no authority to examine jurors as to their qualifications, and then refuse the parties or their attorneys the right to examine such jurors except through the mouth of the court.  *Lavin* v. *People*, 69 Ill. 304; *Stephens* v. *People*, 38 Mich. 739.

Within reasonable limit, each party has a right to put pertinent questions to show not only that there exist proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will exercise his right of peremptory challenge.  Thompson on Trials, 99; *State* v. *Godfrey*, Bray, (Vt.) 170; *Watson* v. *Whitney*, 23 Cal. 375.

Mr. J. M. LONGENECKER, State's Attorney, for the People.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Plaintiff in error was indicted, jointly with two others, for grand larceny.  Her co-defendants pleaded guilty, and she not guilty.  Upon her cause being called for trial, the judge ordered into the jury box twelve jurors, and directed the State's attorney to make such statement of the case as he desired, prior to their examination, which he did.  The court then asked counsel for defendant if he desired to make any statement, or if any was necessary, before the jurors were examined, touching their qualification to serve, and was answered in the negative.  The court then examined four of the jurors in respect to their statutory qualifications, and also as

to whether they had heard or read the facts of the case, knew the defendant or her attorney, or had formed or expressed any opinion as to her guilt or innocence, or entertained any prejudice, or knew of any reason why they could not give the defendant a fair and impartial trial, and render a verdict according to the law and the evidence. Counsel were then asked if they desired the court to further examine the jurors, or to have further questions put to them by the court. Both replied in the negative, but the defendant's counsel claimed the right to examine the jurors for cause, and to put questions to them to determine whether he would interpose peremptory challenges. This the court denied, and ruled, "except you examine the jurors for cause through the mouth of the court, you can not examine them at all," and declined to permit defendant's counsel to examine the jury. After the interposition of some peremptory challenges on each side, neither party having exhausted the number allowed by law, the jury were then impaneled. The trial resulted in a verdict of guilty. Motions to set aside the verdict and for new trial were overruled, and judgment entered on the verdict, to which exception was taken. The reasons filed in support of the motion for new trial, and errors assigned in this court, are predicated solely upon the rulings of the trial court in impaneling the jury.

We are of opinion that the court erred in refusing the defendant's counsel permission to ask pertinent and proper questions of the persons called as jurors, testing their capacity and competency, and to advise him of the propriety of exercising the right of peremptory challenge. Upon the application of counsel for permission to examine the jurors called, the court announced as its ruling, "except you examine the jurors for cause through the mouth of the court, you can not examine them at all," thereby precluding, through the court or otherwise, any examination from which could be determined whether the right of peremptory challenge should be exercised. Peremptory challenges of jurors are allowed by law to be made

or omitted, according to the judgment, will or caprice of the party entitled thereto, and no reason is ever given, or can be required, for the manner in which the right is exercised. 4 Blackstone's Com. 353; 1 Ch. Cr. Law, 534.

By the laws of this State the right of peremptory challenge in criminal cases is given to the People equally with the defendant, and its exercise by the People, in the exclusion of improper persons from jury service, is frequently as important, and quite as necessary to the due administration of justice, as it is to the defendant for his protection. In either case, it is often indispensable to an intelligent selection of a fair and impartial jury, that the occupation, habits, associations and predisposition of the juror should be known, so far as they might tend to bias or pervert his judgment. To deprive a party, whether the People or defendant, of an intelligent exercise of the right, is practically to take away the right. And every lawyer experienced in the trial of causes knows that to its intelligent exercise a reasonable examination of the juror is frequently absolutely necessary. If this may not be done, the People and defendant alike must take all who are not subject to challenge for cause, or resort to peremptory challenge indiscriminately, and without that knowledge, easily within reach, if reasonable examination is permitted, which would enable them to exercise the right intelligently. The defendant is guaranteed, in every criminal case, a trial by a fair and impartial jury, and society is equally interested in the selection of none other; and in view of this object to be attained in impaneling the jury, the law-making power of the State has deemed it wise to give the right of peremptory challenge, to be exercised in the discretion of the party entitled, and the courts are not authorized to limit or restrict the right, or prescribe rules which shall render it unavailing. Such reasonable examination by counsel should always be allowed as will enable the court to see that the jurors stand indifferently between the parties and are possessed of the requisite qualifications, and

also to enable counsel to challenge for cause, if cause exists, or to exercise the right of peremptory challenge when in their judgment it is deemed necessary or advisable. The court may also examine the jurors, if he sees fit to do so, and if not otherwise satisfied of their competency or impartiality, should always make such examination as will satisfy him thereof. Such has been the uniform practice in the courts of this State, so far as we are aware, since its organization, subject always to the restriction and limitation that the examination by counsel must be reasonable and confined to pertinent matters, inquiry into which will tend to enlighten court and counsel in respect of the fitness and competency of the juror.

In apparent recognition of this practice, and authorizing it, the legislature, in 1869, passed what is now section 21 of the act entitled "Jurors," (Rev. Stat. chap. 28,) which provides: "Upon the impaneling of any jury in any civil cause now pending or to be hereafter commenced in any court in this State, it shall be the duty of the court, upon request of either party to the suit, or upon its own motion, to order its full number of twelve jurors into the jury box before either party shall be required to examine any of said jurors touching their qualifications to try any causes, provided that the jury shall be passed upon and accepted in panels of four by the parties, commencing with the plaintiff." By section 23 of the act the provision is made applicable to the trial of criminal causes. The implication is clear, that before either party shall be compelled to exercise the right of examining jurors touching their qualifications, twelve shall be ordered into the box. The parties are to pass upon and accept the jury,—that is, are to pass upon and decide whether they will accept or challenge any of the jurors.

In *Lavin* v. *People*, 69 Ill. 304, in passing upon the question whether error had been committed by sustaining objections to certain questions propounded to jurors by counsel for plaintiff in error, we said: "In order to determine whether the person

who may be called as a juror possesses the necessary qualifications, whether he has prejudged the case, whether his mind is free from prejudice or bias, the suitor has the right to ask him questions, the answers to which may tend to show he may be challenged for cause, or disclose a state of facts from which the suitor may see proper to reject the juror peremptorily."

It is true the question of the right of counsel to interrogate the jurors was not directly raised, and the opinion is of less weight upon the question here, but the language quoted was used in pertinent discussion of the question involved, and we think states a correct rule of practice.

In *Stevens* v. *People*, 38 Mich. 739, jurors had, under oath, disclosed that they had formed an opinion which would authorize challenge for cause, and they were accordingly challenged by the defendant. The trial judge examined the jurors, and they were asked if they could try the case impartially upon the testimony, etc., which being answered affirmatively, the challenge was overruled. Counsel for defendant thereupon asked to further examine the jurors, which was denied, and the jurors sworn. The Supreme Court, Cooley, J., delivering the opinion, held the refusal error. The court holds that the judge may examine jurors on the part of the prosecution, if he chooses, but defendant's counsel are entitled to reexamine them. In the course of the opinion it is said: "It does not appear from the record that the prosecuting attorney put to the jurors any questions whatever, but in every instance the judge took upon himself the burden of the investigation. We shall not question the right of the judge to pursue the examination of the juror personally, instead of leaving it, as is customary, to the prosecuting officer; but he is mistaken in supposing that the defense could have any less liberty in reexamination than if he had allowed the case to proceed in the usual way." And further on: "If the judge, on the trial of the main issue, were to take upon himself the cross-examination of defendant's witnesses, he might, with the same reason,

27—139 Ill.

deny the right of re-examination in that case as in this." So it is said in Thompson on Trials, page 99 : "Within reasonable limits, each party has a right to put pertinent questions to show not only that there exist proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will exercise his right of peremptory challenge," citing *Watson* v. *Whitney*, 23 Cal. 375, and *State* v. *Godfrey*, 1 Bray, (Vt.) 170. We are aware of the contrary holding by courts of eminent respectability, but under our statute and the uniform practice in our courts we can not sanction the practice adopted in this case.

It is insisted by counsel for the People, that the exercise of this right by counsel has led to great abuse, and that "honest and fair-minded men," compelled to attend as jurors, have left the box, after being questioned, feeling as if they had fortunately escaped conviction of some grave offense. We are not disposed to give credence to this caustic criticism upon trial judges. The examination should, in all cases, be confined to a legitimate inquiry into the particular matter under investigation, and taking range enough only to put the court and counsel in possession of such material matters affecting the juror as will enable them to act intelligently in the selection of the jury. The nature and extent of the inquiry in each case is necessarily left to the sound judgment and judicial discretion of the presiding judge. What would be reasonable examination in one case would be manifestly unreasonable in another, and the trial court is therefore clothed with large discretion in controlling and limiting the examination, and may prevent its abuse.

We are of the opinion that the court erred in the respect indicated, and the judgment will accordingly be reversed and the cause remanded for re-trial.

*Judgment reversed.*