(No. 16242.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AGNES KROLL, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*what questions may be asked jurors upon voir dire.* The defendant, through his counsel, may ask pertinent and proper questions of the jurors upon their *voir dire* to test their competency and capacity and to aid the defendant in exercising his right of peremptory challenge, but the nature and extent of the inquiry are ordinarily left to the discretion of the court, and the examination should be confined to a legitimate inquiry into the particular matter under investigation and take range enough only to put the court and counsel in possession of such material matters as will enable them to act intelligently in the selection of the jury.

2. SAME—*when question as to secret organization is not proper in examining juror.* In a prosecution for violation of the Prohibition act it is not proper to ask a juror upon his *voir dire* whether he is a member of the Ku Klux Klan, where there is nothing in the record to show either that the State's attorney, the defendant or any person interested in the prosecution or defense of the case was a member of the Klan, or that the Klan was in any manner interested in the case, or that the members of that organization were antagonistic to or prejudiced against the defendant.

3. SAME—*credibility of witness is a question for jury—prohibition.* In a prosecution for violation of the Prohibition act the credibility of a witness who testifies that he purchased the liquor from the defendant is a question solely for the jury, and a court of review is not justified in disturbing their finding on the ground that the witness was a man of low character, where the witness' testimony is to a certain extent corroborated by other witnesses.

4. SAME—*when counsel cannot complain that time for argument was limited.* In a prosecution for violation of the Prohibition act, where the issues are not complicated and there is very little material evidence, counsel cannot complain that the court limited the argument to thirty minutes on each side instead of forty-five minutes as requested, where the record shows that counsel's time was consumed in arguing upon irrelevant matters not in evidence, to which the court repeatedly sustained objections.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

E. V. ORVIS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ASHBEL V. SMITH, State's Attorney, and GEORGE C. DIXON, (SIDNEY H. BLOCK, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

The State's attorney of Lake county filed in the county court of that county, against plaintiff in error and Walter Kroll, an information consisting of ten counts, the first of which counts charged them with unlawfully selling intoxicating liquor. Pleas of not guilty having been entered, a trial by jury was had, resulting in a verdict finding plaintiff in error guilty in manner and form as charged in count No. 1 of the information and finding the defendant Walter Kroll not guilty. Motions for a new trial and in arrest of judgment having been overruled, plaintiff in error was sentenced to be imprisoned in the county jail for a term of ninety days, to pay a fine of $200, and ordered committed

to the county jail of Lake county until the fine and costs were fully paid or until she was otherwise discharged pursuant to law. Upon review by writ of error the Appellate Court for the Second District affirmed the judgment of the county court of Lake county, and the record is now before us for review upon writ of error.

During the examination of the jury upon their *voir dire* one of the prospective jurors was asked the questions, "Are you a member of the Ku Klux Klan?" and "Have you ever belonged to the Invisible Empire or ever heard of it?" Objections were sustained to these questions, and the ruling of the court in that respect is assigned as error. In *Snyder* v. *State,* 160 Ark. 93, error was assigned on the refusal of the court to allow the defendant to ask each of the jurors on their *voir dire* examination whether he was a member of the Ku Klux Klan. Defendant claimed that the prosecuting attorney and other court officers were members of the Klan. The Supreme Court of Arkansas upheld the ruling of the trial court and held that to make the inquiry other than impertinent and a probe into the personal affairs of the jurors it should be made to appear that the organization, or the members thereof, were antagonistic to the accused or some organization to which he belonged. In this State the rule is laid down in *Donovan* v. *People,* 139 Ill. 412, and cited with approval in *People* v. *Robinson,* 299 id. 617, and *People* v. *Redola,* 300 id. 392, that the defendant, through his counsel, has a right to ask pertinent and proper questions of the persons called as jurors testing their capacity and competency, and that for the purpose of advising him of the propriety of exercising the right of peremptory challenge it is often indispensable to the selection of a fair and impartial jury that the occupation, habits, associations and predisposition of the jurors should be known so far as they may tend to bias or pervert their judgment, but that the examination of jurors should be confined to a legitimate inquiry into the particular matter under investigation and

take range enough only to put the court and counsel in possession of such material matters affecting the jurors as will enable them to act intelligently in the selection of the jury, and that the nature and extent of the inquiry are ordinarily left to the sound judicial discretion of the court. In the present case there is nothing in the record tending to show either that the State's attorney, the plaintiff in error or any person interested in the prosecution or defense of the case was a member of the Ku Klux Klan, or that the Ku Klux Klan was in any manner interested in the prosecution or defense of the case, or that the members of the organization were antagonistic to or prejudiced against plaintiff in error. We cannot say that the court abused its discretion.

Complaint is made by plaintiff in error that the court improperly limited the cross-examination of witnesses called on behalf of defendant in error, and our attention is called to several specific instances where it is claimed that error was committed in this respect. An examination of the record discloses the fact that in each instance where the subject matter of the question was proper cross-examination the question had already been asked and answered on cross-examination, and that instead of counsel for plaintiff in error having been limited in his cross-examination of witnesses, very great latitude was given him.

It is contended by plaintiff in error that the witness who testified that he purchased two pints of intoxicating liquor from plaintiff in error and paid two dollars a pint for it was a man of low character, and that a conviction on the uncorroborated testimony of a man of this character should not be sustained. It very frequently happens that in cases of this kind the witnesses are not persons of very high character. His testimony was to a certain extent corroborated by other witnesses. The weight to be given to his testimony was a question solely for the jury, and we would not be warranted, under the evidence in this case, in disturbing their finding.

It is contended by plaintiff in error that the court gave to the jury two erroneous instructions. The first was a dissertation upon the duty of the State's attorney which would not in any way tend to enlighten the jury as to the law of the case, and the other was the lengthy and involved instruction upon the question of reasonable doubt which has been several times criticised by this court. An examination of the abstract in the case, however, fails to disclose that either of these instructions was marked "given" by the court or that they were in fact read to the jury.

Complaint is made of the refusal of the court to give some of the instructions which were submitted by plaintiff in error. Some of the instructions refused stated correct propositions of law, but these propositions were fully covered by the sixteen instructions which were given, which fully informed the jury as to all the rights of plaintiff in error.

Counsel for plaintiff in error assigns as error that the court limited the argument in the case to thirty minutes on each side instead of three-quarters of an hour, as requested by him. There was very little material evidence in the case. The issues were not complicated. The record shows that much of the time which plaintiff in error's counsel had for argument was consumed in arguing upon irrelevant matters not in evidence, to which the court repeatedly sustained objections. In this state of the record counsel cannot well complain of the limitation.

The evidence warranted the finding of the jury. No reversible error has been pointed out to us. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*