Day, J.
 

 Two questions are presented for our determination. First, whether it is error for a trial court to allow interrogation of prospective jurors on their
 
 voir dire
 
 concerning their possible connections with, interest in, or relationship to a casualty insurance company; and second, whether the facts as reflected by the record establish agency.
 

 The first is the more important question presented for our consideration. "We are faced with the problem of granting plaintiff in a personal injury case reasonable safeguards against obtaining a jury .composed of men and women having insurance connections
 
 *532
 
 or interests and of relieving defendant from possible prejudice wh-icb interrogation concerning the jury’s interests might tend to provoke. The only way to prevent those who have insurance interests or connections from sitting on juries in the trial of negligence cases is by the test applied in
 
 voir dire
 
 interrogation. On the other hand, the possibility of any prejudice which might arise by reason of such interrogation must be done away with by proper precautions taken to that end.
 

 The difficulty the problem presents is intensified by the fact that the rights of the casualty insurance company, not a party to the action, are sought to be protected, and it is contended that non-disclosure affords such protection. Yet, that very fact is one of the main reasons for ascertaining a juror’s qualifications in that respect.
 

 In view of the fact that neither litigant nor counsel can know personally every prospective juror, inquiry into a juror’s possible connection with, or interest in casualty insurance companies is obviously necessary in order that his cause shall not be tried by a jury whose views in such cases are colored by their investments, income or other prejudicial interests. While a juror’s interest in or connections with a casualty insurance company do not
 
 ipso facto
 
 disqualify him as a juror, yet it must be admitted that there is the possibility of a disposition on the part of some such persons to be defense-minded.
 

 The identical question was considered by this court in the case of
 
 Pavilonis
 
 v.
 
 Valentine,
 
 120 Ohio St., 154, 165 N. E., 730, and in the case of
 
 Vega, Admr.,
 
 v.
 
 Evans,
 
 128 Ohio St., 535, 191 N. E., 757, 95 A. L. R., 381. In the former case ‘ ‘ examination of a prospective juror on his
 
 voir dire
 
 as to his connection with, interest in, or relationship to a casualty insurance company” was permitted, while in the latter case that right was denied, “unless such insurance company is a party
 
 *533
 
 to the litigation or unless it has theretofore been disclosed to the court by such company or by the defense that such insurance company is actively and directly interested in the litigation.” Under the doctrine laid down in the
 
 Vega case,
 
 a stockholder, officer or employee of a casualty insurance company can find his place on a jury called in to try a negligence case and plaintiff denied the right of ascertaining that fact.
 

 We are reconsidering the question in this case, hoping to find some middle ground between the principles there laid down so as to afford all parties to a law suit a fair and impartial trial.
 

 The right to examine prospective jurors on their
 
 voir dire
 
 is granted to litigants in order to enable them to select a jury composed of men and women qualified and competent to judge and determine, without bias, prejudice or partiality, facts in issue. For the proper exercise of this right, the Legislature has deemed it wise to give to litigants the right of peremptory challenge and challenge for cause. This former right is to be exercised at their discretion and free from any limitation or restriction. Any rule of law which denies a litigant reasonable latitude in the examination of prospective jurors as to their qualifications in order to enable him to exercise such peremptory challenges judiciously and intelligently, deprives him of a substantial right.
 

 Reasonable scope must be allowed and latitude given to counsel on the
 
 voir dire
 
 examination, subject, however, to the requirement that the questions propounded must be so framed as to enable such counsel to ascertain rather than arouse passion or prejudice.
 

 The overwhelming weight of authority holds that where parties apparently act in good faith, considerable latitude should be allowed in the interrogation concerning the competency of prospective jurors to try the facts under investigation. “Much rests in the discretion of the court as to what questions may or may
 
 *534
 
 not be answered, but in practice very great latitude is, and generally ought to be indulged.”
 
 Epps
 
 v.
 
 State,
 
 102 Ind., 539, 549, 1 N. E., 491.
 

 “Parties litigant of this class of cases are entitled to a trial by a thoroughly impartial jury, and have a right to make such preliminary inquiries of the jurors as may seem reasonably necessary to show their impartiality and disinterestedness. In the exercise of this right, counsel must be allowed some latitude, to be regulated in the sound discretion of the trial court, according to the nature and attendant circumstances of each particular case.”
 
 M. O’Connor & Co.
 
 v.
 
 Gillaspy,
 
 170 Ind., 428, 431, 83 N. E., 738, 739.
 

 What is or is not deemed considerable latitude is, to a great extent, left to the sound discretion of the trial court, for the abuse of which the law affords adequate remedy.
 
 Connors
 
 v.
 
 United States,
 
 158 U. S., 408, 15 S. Ct., 951, 39 L. Ed., 1033;
 
 Donovan
 
 v.
 
 People,
 
 139 Ill., 412, 28 N. E., 964;
 
 Stephenson
 
 v.
 
 State,
 
 110 Ind., 358, 362, 11 N. E., 360, 59 Am. Rep., 216.
 

 “What would be reasonable examination in one case would be manifestly unreasonable in another, and the trial court is therefore clothed with large discretion in controlling and limiting the examination, and may prevent its abuse.”
 
 Donovan
 
 v.
 
 People, supra,
 
 418.
 

 For the reasons herein expressed, we approve and adopt the doctrine announced in paragraph one of the syllabus of the
 
 Pavilonis case,
 
 and paragraph one of the syllabus of the
 
 Vega case,
 
 both of which are identical and read as follows: “The purpose of the examination of a prospective juror upon his
 
 voir dire
 
 is to determine whether he has both the statutory qualification of a juror and is free from bias or prejudice for or against either litigant.”
 

 We likewise approve and adopt the doctrine announced by this court in paragraph two of the syllabus of the
 
 Vega case,
 
 which is as follows: “The scope of the inquiry will not be confined strictly to the sub
 
 *535
 
 jects which constitute grounds for the sustaining of a challenge for cause; but if it extends beyond such subjects it must be conducted in good faith with the object of obtaining a fair and impartial jury and must not go so far beyond the parties and the issues directly involved that it is likely to create a bias, a prejudice, or an unfair attitude toward any litigant.”
 

 It is proper to permit the examination of a prospective juror on his
 
 voir dire
 
 as to his connection with and interest in a casualty insurance company when conducted in good faith. 56 A. L. R., 1454, Section IV, and cases there cited; 74 A. L. R., 860, Section IV, and cases there cited; 95 A. L. R., 404, Section IV, and cases there cited; 16 Ruling Case Law, 276, Section 93; 35 Corpus Juris, 394, Section 439.
 

 In examination of a prospective juror upon his
 
 voir dire,
 
 in cases involving property damage, personal injury, or both, he may be asked the general question whether he has or has had any connection with or interest in a casualty insurance company. If the answer be in the affirmative, the juror may then be asked the name of such company and the nature of his connection with or interest therein.
 

 It is neither wise nor desirable for this court to prescribe the specific form such interrogatories are to take, or the manner of their presentation. That is a matter wholly for the trial court to determine in the exercise of its sound discretion and in the light of all the facts and surrounding circumstances.
 
 Eytinge
 
 v.
 
 Territory of Arizona,
 
 12 Ariz., 131, 100 P., 443;
 
 Bonfils
 
 v.
 
 Hayes,
 
 70 Colo., 336, 201 P., 677;
 
 People
 
 v.
 
 Kroll,
 
 315 Ill., 115, 145 N. E., 814.
 

 “The questions that may be propounded necessarily vary with the varying issues, circumstances, and parties, as such issues, circumstances, and parties may operate to influence or bias particular jurors, as distinguished from jurors generally. Because of the great variety of such influences, the character and scope of
 
 *536
 
 the questions that may be propounded necessarily cannot become standard, but must be controlled by the court in the exercise of a sound discretion, the court having for its purpose the securing to every litigant an unbiased jury.”
 
 Pavilonis
 
 v.
 
 Valentine, supra,
 
 157.
 

 In view of such determinations we find nothing prejudicial in the questions propounded to the jury on
 
 voir dire
 
 as to their interests in or connection with casualty insurance companies in the instant case. The majority of this court consider them proper in connection with plaintiff’s right to exercise his peremptory challenges.
 

 We come now to the question of agency. The petition alleges and the answer denies that Clay was an employee of plaintiff in error and that immediately preceding the occurrence of the accident he was engaged in the promotion of his employer’s business.
 

 It is the contention of plaintiff in error that there is no direct testimony in the record establishing agency or that Clay was at the time of the accident engaged in the scope of his employment. However, examination of the record discloses that there is enough evidence to establish that Clay was the agent of plaintiff in error, and at the time of the accident was acting in the course and scope of his employment. It is significant that plaintiff in error offered no testimony to the contrary.
 

 In the light of the record we are convinced that there was no prejudicial error.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias and Zimmerman, JJ., concur.