APPROPRIATION FOR HIGHWAY PURPOSES, IN RE: PRESTON, DIRECTOR OF HIGHWAYS, APPELLANT, *v.* CLARINGTON LODGE No. 597, APPELLEE.

Ohio Appeals, Seventh District, Monroe County.

No. 374. Decided February 15, 1962.

*Mr. Mark McElroy*, attorney general, *Mr. Donald E. Strouse*, assistant attorney general, and *Mr. Ed Johnston*, for appellant.

*Messrs. Sherry & Baker*, for appellee.

BROWN, P. J. The trial of this matter of appropriation resulted in a verdict and judgment for the Clarington Lodge in the amount of $34,700.00.

The Director of Highways upon appeal on questions of law assigns errors which will be considered in order.

Upon the voir dire examination counsel for the state inquired of a prospective juror whether the fact that compensation for the property taken must necessarily come from public funds would have any effect upon his determination of the verdict one way or the other. Objection to this question was sustained and counsel was instructed by the court to make no further inquiry in this vein.

The right of counsel to inquire of jurors with a purpose of determining their qualification is incidental to counsel's possible exercise of challenges for cause provided for in Section 2313.42 and Section 2313.43, Revised Code, and preemptory challenges provided for in Section 2313.44, Revised Code.

Generally the extent to which counsel may examine prospective jurors as to their qualifications or bias is discretionary with the trial court. *Pavilonis* v. *Valentine*, 120 Ohio St., 154 at 157; *Dowd-Feder, Inc.* v. *Truesdell*, 130 Ohio St., 530.

The foregoing cases hold that questions upon voir dire must be propounded in good faith and with a purpose of discovering possible bias. The trial court apparently felt that the question was an attempt to call the jurors' attention to the fact that as taxpayers they were directly interested, since any award would come out of their pockets, thus appealing to the self-interest of the juror.

We cannot say that we disagree with the trial court. The proposition that taxpayers pay the award is, however, so ob-

viously true that it must be apparent to every juror who is ever seated in such a case. If it gives rise to a prejudice in the mind of a juror for or against the state or for or against the property owner the bias is difficult to avoid.

The appellant was given wide latitude in questioning this jury with regard to its bias and prejudice.

The question "Do you have any feeling that the state should not take land for highway purposes?" was asked and a negative response indicated. The question "Will you base your verdict upon fair market value of the property under the instructions and the evidence?" was asked in various forms and affirmative response was indicated. The question "Do you have any prejudice against the State of Ohio, or any of the state officials?" was permitted and the response was negative. The question "Do any of you have any preconceived notions as to appropriation proceedings?" was asked and a negative response forthcame.

Certainly, there is no abuse of discretion, no unreasonable restriction of the right of inquiry on voir dire when this entire voir dire examination is considered.

In addition, we find that the trial court in the exercise of sound discretion may limit reference to the fact that the award, if made, will be payable out of tax funds since this is an attempt to appeal to self-interest of the jurors.

Appellant complains of the following language in the general charge:—

"There has been some evidence of the cost of reproducing or reconstructing the building, less depreciation. This is something entirely different from the fair market value which you, Members of the Jury, are to find, but you may consider it in your determination of fair market value. There is no necessary connection between reproduction cost, less depreciation, and the fair market value, with which we are concerned."

The foregoing is an accurate statement, and was properly given. See Lewis Orgel "Valuation Under The Law of Eminent Domain," Second Edition, Volume II, Page 3. See also 172 A. L. R., 236 at 244.

The remaining specific complaint regarding the court's language in the charge are in the opinion of this court not well made.

We find there are no other assigned errors well made, and that substantial justice has been done.   The judgment is affirmed.

DONAHUE and GRIFFITH, JJ., concur.