THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICK MENKEN, Defendant-Appellant.

Fourth District   No. 13688

Opinion filed November 4, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On the evening of January 8, 1975, the Centennial School in Bloomington, Illinois, was burglarized. Defendant was one of several young men arrested for this crime. After a jury trial, he was found guilty and sentenced to 28 months' probation with the condition that he pay costs of $141.80, a fine of $350, and make restitution in the amount of $169.77. Defendant appeals both his conviction and the sentence imposed. We affirm.

■■■ Defendant first argues that the refusal of the trial court to allow his counsel to personally put questions to the jury during *voir dire* violated his right to do so under section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)). Supreme Court Rules 234 and 431 (58 Ill. 2d R.234, R.431), however, authorizes trial courts to conduct the *voir dire* examination, leaving to the discretion of the trial court the allowance of questions by the attorneys for either side. Where, as here, a Supreme Court Rule and a statute conflict, the rule, if adopted pursuant to the supreme court's constitutional power of

supervision over the administration of justice, must control. (*People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495.) Furthermore, the record is devoid of any showing of prejudice. (*People v. Turner* (1975), 27 Ill. App. 3d 239, 326 N.E.2d 425.) We therefore find no reversible error in the manner *voir dire* was conducted here. We deem it unnecessary to go into an in-depth discussion of the serious constitutional issues presented in view of the conflict between a rule of the supreme court and a statutory provision. Our colleagues in the Third District in *People v. Brumfield* (1977), 51 Ill. App. 3d 637, 366 N.E.2d 1130, speaking through Mr. Justice Stengel, issued an opinion comprehensive in scope, scholarly in its presentation, and reaches a conclusion with which we are in agreement. See also *People v. Thornton* (1977), 54 Ill. App. 3d 202, 369 N.E.2d 358.

Defendant was riding in a van with five other young men on the evening in question when two of them, one of whom was the driver, broached the idea of breaking into Centennial School. They drove to the school even though defendant and three others expressed opposition to the plan. All six got out of the van when they arrived at the school. Defendant determined to remain on the hill above the school and allow the two original participants to break in. Once the break-in was accomplished and various items were removed from the school, defendant helped load them into the van. There was some evidence that by staying behind on the hill defendant and his three companions acted as lookouts and sat with their backs to the school below so as to watch for approaching cars. Defendant testified on his own behalf and stated that he was not serving as lookout.

■■ It is not argued that defendant was an actual participant in the burglary of the school. Rather, the State attempted to prove that defendant was, as a lookout, guilty on a theory of accountability. Upon this record, this is a jury question.

■■■ Defendant argues that the jury's determination of this question adversely to him was not sustained by the evidence. This court in *People v. Tillman* (1971), 130 Ill. App. 2d 743, 265 N.E.2d 904, discussed the elements necessary in order to establish guilt in a criminal case, based upon a theory of accountability. We there noted that it was necessary to establish that the defendant aided or agreed to aid another in the planning or commission of the offense and that such participation by the defendant took place either before or during the commission of the offense and that the defendant intended to promote or facilitate the commission of the offense. It is clear that there was sufficient evidence for the jury to conclude that defendant was in fact acting as a lookout for the two who actually entered the school. Besides the testimony of two accomplices that defendant was a lookout, the jury properly considered defendant's

presence and attachment to the group with knowledge of its criminal purpose. (*People v. Rybka* (1959), 16 Ill. 2d 394, 158 N.E.2d 17; *People v. Kelly* (1976), 39 Ill. App. 3d 988, 351 N.E.2d 419; *People v. Nugara* (1968), 39 Ill. 2d 482, 236 N.E.2d 693, *cert. denied* (1968), 393 U.S. 925, 21 L. Ed. 2d 261, 89 S. Ct. 257.) His conviction on a theory of accountability was supported by the evidence.

Defendant's final contention is that prior to imposing a fine against him, the trial court failed to ascertain his ability to pay. This argument is without merit. The record shows the trial court was aware of defendant's financial condition, including his present and expected income and his necessary expenses.

We affirm the judgment and sentence of the trial court.

Affirmed.

REARDON and MILLS, JJ., concur.