THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD S. THORNTON, Defendant-Appellant.

Fourth District    No. 13737

Opinion filed November 4, 1977.

GREEN, J., specially concurring.

Keith Hays, of Champaign, for appellant.

Hugh Finson, State's Attorney, of Monticello (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant was charged by information with committing the offense of possessing less than 2.5 grams of cannabis in violation of section 4(a) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(a)). At the conclusion of a jury trial conducted on January 26 and 27, 1976, defendant was found guilty, sentenced to 15 days in the county jail and fined $150 plus costs.

During selection of the jury, the court refused to allow counsel to actively participate in *voir dire* and the court refused 17 of the 18 written questions submitted by defendant for inclusion in *voir dire* by the court.

The factual circumstances which culminated in defendant's arrest have been succinctly recalled by Officer Daniel Grady who testified that he was driving in Forest Preserve Park in Bement, Illinois, at approximately 9:50 p.m. on September 17, 1975, when he observed defendant in a parked automobile. From a distance of approximately 15 feet, Grady observed defendant open one of the rear doors of the automobile, dropping an object to the ground which emitted sparks. Grady testified that his lights illuminated the car in which defendant was sitting.

After stopping his patrol car, Grady walked to the car in which defendant was sitting and picked up People's Exhibit No. 1, the object which defendant had dropped. Grady testified that the object appeared to be a lighted marijuana cigarette. Grady then conversed with defendant through the open car window, placing him under arrest.

Defendant testified that as Grady approached, he told the car's occupants not to move while he searched beneath the car, picking up something from the ground. Defendant denied dropping anything on the ground. He said he could not be certain whether he had previously seen People's Exhibit No. 1, the object which Grady had picked up. Defendant and Ken Kercheval, another occupant of the car, testified that the window next to defendant would not open.

The court then permitted Grady to repeat his prior testimony over objection by defense counsel.

On appeal, defendant has raised two issues for our review: (1) whether defendant has a right to actively participate in *voir dire* pursuant to section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)), or whether the trial court properly limited that participation pursuant to Supreme Court Rule 234 (58 Ill. 2d R. 234); and (2) whether the court abused its discretion in permitting the complaining witness, Officer Grady, to repeat his testimony on rebuttal.

■■ At one time in Illinois, our supreme court held that counsel had the right to put questions directly to the jurors during the *voir dire* examination. (*Donovan v. People* (1891), 139 Ill. 412, 28 N.E. 964.) *Donovan*, however, was altered by former Supreme Court Rule 24—1 (effective September 17, 1958), which allowed parties and counsel a reasonable opportunity to supplement *voir dire* conducted by the court. (13 Ill. 2d R. 24—1.) Section 16 of article VI of the 1970 Illinois Constitution thereafter provided: "General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules." Pursuant to this constitutional authority, our supreme court provided in its currently effective Rule 234: "The court shall conduct the voir dire examination of prospective jurors by putting to them questions it thinks appropriate touching their qualifications to serve as jurors in the case on trial. The court may permit the parties to submit additional questions to it for further inquiry if it thinks they are appropriate, or may permit the parties to supplement the examination by such direct inquiry as the court deems proper. Questions shall not directly or indirectly concern matters of law or instructions." (58 Ill. 2d R. 234.) Rule 431 provides that Rule 234 shall apply to criminal cases. (58 Ill. 2d R. 431.) While Rule 234 authorized the trial court to permit parties or their attorneys to make direct inquiry, it also introduces the alternative of requiring parties or their attorneys to submit proposed questions to the judge. The Rule makes clear that the decision as to which alternative to use or whether to permit supplementation of its own examination lies entirely with the court.

In this appeal, defendant contends that section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f))

entitled him to conduct his own *voir dire* examination. At the time of trial on January 26 and 27, 1976, section 115—4(f) provided: "After examination by the court the jurors shall be examined, passed upon, accepted and tendered as a panel of 4 commencing with the State. Each opposing counsel has the right to conduct his own voir dire examination of each prospective juror for the purpose of determining such juror's qualifications, bias and prejudice, or freedom therefrom." Ill. Rev. Stat. 1975, ch. 38, par.. 115—4(f).

In *People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878, the court noted that the General Assembly added subsection (e) to section 109—3 of the Code which provided that the State could not appeal from certain interlocutory orders referred to in section 114—1 of the Code. The statute conflicted with Supreme Court Rule 604 (58 Ill. 2d R. 604) which provided for appeals from orders, the substantive effect of which was to dismiss for one of the grounds enumerated in section 114—1 of the Code. Rule 604 was issued pursuant to authority given the court in section 7 of article VI of the Illinois Constitution of 1870. That authority provided that the supreme court could provide by rule for appeal to the appellate court from other than final judgments of the circuit court. The supreme court held that the portion of section 109—3(e) in conflict with Rule 604 was void because it was in violation of section 7 of article VI of the Constitution.

In *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495, it was noted that section 121—6(b) of the Code of Criminal Procedure provided that persons convicted of forcible felonies could not be admitted to bail and could not have their sentences stayed pending appeal. This statute was in conflict with Supreme Court Rule 609(b), which provided that an appellant may be admitted to bail and may have his sentence stayed pending appeal. The court held that Rule 609(b) was promulgated pursuant to section 7 of article VI of the 1870 Constitution, which provided that the supreme court may provide by rule for expeditious and inexpensive appeals, and held that section 121—6(b) violated that section of the Constitution.

■■ The instant case is similar to *Taylor* and *Jones* in that a conflict between a Supreme Court Rule and the Code of Criminal Procedure is involved. We hold, however, that the supreme court rule governs our disposition of the instant case. Section 16 of the article VI of our 1970 Constitution gives the supreme court "General administrative and supervisory authority over all courts * * *." Owing to this recent constitutional grant of authority to the supreme court, we distinguish the earlier cases of *People ex rel. Chicago Bar Association v. Feinberg* (1932), 348 Ill. 549, 556, 181 N.E. 437, *People v. Davis* (1934), 347 Ill. 396, 399, 192 N.E. 210, and *People v. Lindsay* (1952), 412 Ill. 472, 486, 107 N.E.2d 614,

which held that circuit court rules conflicting with statutes are invalid and do not have the force and effect of law.

We are aware of Justice Stengel's excellent opinion in *People v. Brumfield* (1977), 51 Ill. App. 3d 637, 366 N.E.2d 1130, affirming a burglary conviction in which the trial court refused to permit defense counsel to directly examine potential jurors. The appellate court stated:

"We therefore hold that there is no constitutional right to direct examination of prospective jurors. In reaching this conclusion we are aware that some commentators have argued that the Illinois cases of *Donovan v. People* (1891), 139 Ill. 412, 28 N.E. 964, and *People v. Lobb* (1959), 17 Ill. 2d 287, 161 N.E.2d 325, resolve this issue in favor of the existence of a constitutional right to direct *voir dire* examination. However, we do not share this view. In *Donovan v. People* the court reversed a defendant's grant larceny conviction because the trial judge refused to let her attorney directly question the venire. This decision rested on the rule of *Stephens v. People* (1878), 38 Mich. 739, but it is noteworthy that Michigan subsequently repudiated the *Stevens* [*sic*] rule in favor of a method similar to the one adopted by the trial court in our case. More important still with respect to our holding is the court's statement that, 'We are aware of the contrary holding by courts of eminent respectability, *but under our statute and the uniform practice in our courts* we cannot sanction the practice adopted in this case.' (Emphasis added.) (139 Ill. 412, 418, 28 N.E. 964, 966.) In our view this language indicates that the so-called Donovan rule was based on a statutory rather than constitutional recognition of a right to direct *voir dire*.

In *People v. Lobb* (1959), 17 Ill. 2d 287, 161 N.E.2d 325, the defendant unsuccessfully challenged the constitutionality of former Supreme Court Rule 24—1 (now Rule 234). Like the present rule, Rule 24—1 required the trial judge to initiate the *voir dire* examination. Unlike amended Rule 234, however, Rule 24—1 provided that the parties, 'shall be allowed a reasonable opportunity to supplement the examination * * *.' While upholding Rule 24—1 as a reasonable implementation of the constitutional guarantees surrounding jury trials, the court noted that, 'the selection of an impartial jury does not require that the parties themselves be permitted to examine [prospective jurors] * * *.' (17 Ill. 2d 287, 301, 161 N.E.2d 325, 333.) We think this language supports our position that the constitution does not guarantee a right to directly *voir dire* the venire." 51 Ill. App. 3d 637, 641-42, 366 N.E.2d 1130, 1134.

We think *Brumfield* is well reasoned and, on its authority, we also hold

that there is no constitutional right permitting counsel to directly examine potential jurors. Insofar as Rule 234 conflicts with section 115—4(f) of the Code of Criminal Procedure of 1963, we hold that the rule is controlling.

■■ In light of this conclusion, we must still decide whether the court's denial of defense counsel's request to actively participate in *voir dire* and its refusal of 17 of the 18 written questions submitted by defense counsel for the court's own *voir dire* constituted an abuse of discretion. A careful review of the record, however, has failed to disclose anything which prevented the defendant from discovering bias or prejudice in the prospective jurors.

■■ Defendant has also alleged that the court abused its discretion in allowing Officer Grady to repeat his testimony in what the parties claim is in the nature of rebuttal. The decision to permit rebuttal testimony rests largely in the discretion of the trial court and will not be reversed on appeal unless that discretion is abused (*People v. Waller* (1976), 36 Ill. App. 3d 888, 345 N.E.2d 30) and the defendant is thereby prejudiced. (Cleary, Handbook of Illinois Evidence §1.3, at 5 (1956).) In addition, rebuttal evidence is limited to that which answers, explains, repels, contradicts, or disposes of new affirmative matter raised by the defendant during the presentation of his case in chief. *Rodriguez v. City of Chicago* (1974), 21 Ill. App. 3d 623, 316 N.E.2d 88.

■■ Here, defendant's credibility was in issue after he took the stand in his own defense and we do not believe that the court abused its discretion in allowing Officer Grady to explain the inconsistencies between his own and defendant's testimony. Our holding is especially warranted in this case, because defendant has failed to indicate a clear example of prejudice resulting from Grady's rebuttal testimony. Our review of the record discloses that the only error possibly present here was the undue, though harmless consumption of the court's time with Grady's rebuttal testimony.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

CRAVEN, P. J., concurs.


Mr. JUSTICE GREEN, specially concurring:
I agree with the result reached by the majority. I cannot agree, however, that the power of the supreme court to enact a rule regulating the conduct of *voir dire* arises out of the provision of section 16 of article VI of the Constitution of 1970 which gives the supreme court "[g]eneral

administrative and supervisory authority over all courts" to "be exercised by the Chief Justice in accordance with its rules."

Although Rule 234 has the admirable purpose of expediting trials and that in turn is an important goal of judicial administration, I consider the rule to be a rule of procedure rather than a rule for the administration or supervision of the court system. Express constitutional authority for the supreme court to exercise supervisory power over the court system appeared for the first time in the Constitution of 1970. The Judicial Amendment of 1962 provided the first express constitutional statement that it had administrative authority. The opinion in *Brumfield* recognizes that section 16 of article VI did not alter the relationship between the legislature and the supreme court as to the rule making power and that a portion of that power is vested in each of those branches of the government. In *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495, the supreme court stated that the judicial amendment of 1962 did not make a general revision of that court's general rule making power but only spoke to certain specified aspects of it. Accordingly, I conclude that in the face of conflicting legislation, the validity of a procedural rule like Rule 234 has not been altered by the constitutional changes that have taken place since 1962.

Had the drafters of documents by which the electorate voted to change the judicial article in 1962 and 1970 intended to change the power of the supreme court to provide by rule for such procedural matters as the method of selecting juries, they would have so stated directly rather than have chosen the devious route of including that power within the framework of the supreme court's administrative and supervisory powers. In stating in section 16 that the court was to "provide by rule for inexpensive and expeditious appeals," the language was explicit. If the supervisory and administrative power covered rules for *voir dire*, it would also logically encompass rules of "inexpensive and expeditious appeals." I conclude that the drafters, unable to agree as to the desirable limits of the rule making power of the two bodies, deliberately refrained from speaking to that question and left that issue as it existed prior to 1962 with the refinements of the question to be decided on a case by case basis.

This is such a case. That in the absence of contrary legislation, the supreme court had inherent power to make rules of procedure for the trial court had been decided before 1962 (*People v. Callopy* (1934), 358 Ill. 11, 192 N.E. 634). In *People v. Lobb* (1959), 17 Ill. 2d 287, 161 N.E.2d 325, the original *voir dire* rule permitting the court to originate the questioning had been upheld. In *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 105 N.E.2d 713, the court held invalid a statutory provision which prohibited *ex parte* action to dismiss a case for want of prosecution until every attorney of record had been given 5 days notice. No contrary rule of court

was involved, but the court considered the statute to be an infringement upon its inherent constitutional authority to decide cases. The court noted that the common law inherent powers of courts to adopt procedural rules had been eroded in this country but that the intervention by the legislature in this field was not without limitation. The court then stated, "The General Assembly has power to enact laws governing judicial practice only where they do not unduly infringe upon the inherent power of the judiciary." 412 Ill. 145, 149, 105 N.E.2d 713, 715.

*Agran* indicated a return of the pendulum toward the predominance of the court in areas of procedure. As the majority has stated, Rule 234 does not permit the trial judge to conduct the *voir dire* in an arbitrary manner. The issue of who should ask the questions of the prospective jurors involves an intricacy of procedure. For the legislature to countermand a supreme court rule on this subject does, in my opinion, "infringe upon the inherent power of the judiciary." For this reason, I, too, would affirm.