THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDRE GIBSON, Defendant-Appellant.

Fourth District   No. 13889

Opinion filed November 30, 1977.

TRAPP, J., dissenting.

Richard J. Wilson, Richard J. Geddes, and Jeffrey Foust, all of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry and Marc Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Andre Gibson, was convicted for having delivered 2.08 grams of phenobarbital, a Schedule 4 controlled substance, to an undercover police officer in violation of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401). The defendant's principal defense was that two undercover agent-informers had entrapped him into delivering the drugs to the officer. The defendant's counsel was permitted to interview the two informers some 2½ months prior to trial, but the defendant was not allowed to participate in such interview and the identities of the two informers were not divulged.

Despite repeated defense requests, the State refused to reveal the identities of the two informers maintaining that disclosure might endanger their lives. Pretrial discovery revealed that the informers were material witnesses because they were responsible for arranging the delivery. One informer had introduced the defendant to the buying officer, and both informers were present during the delivery by the defendant to the officer.

Nevertheless, the trial court refused to compel disclosure of the identities of the two informers until the close of the State's case, at which time the court reconsidered its position and ruled that the informers were material witnesses whose identities must be disclosed. On the morning following the close of the State's case, the names of the two informers were made available to the defense, but no street addresses were provided. The informers were later called at trial as court's witnesses.

The defendant contends that he was denied his constitutional right to present witnesses because the delay in disclosure effectively prevented

him from adequately investigating the substance of the testimony and credibility of the informers. On the other hand, the State argues that the interview of the informers by the defendant's attorney precluded infringement of the defendant's right to present witnesses. Thus, two issues arise from the facts already stated: (1) whether the interview of the informers by the defendant's counsel was a valid substitute for the disclosure of the identities of the informers; and (2) if it was not, whether the disclosure of the informers' identities after the close of the State's case was sufficient to inform the defendant and to allow him to prepare his defense. A third issue has also been raised on appeal: (3) whether the trial court erred in refusing to permit defense counsel to directly question prospective jurors in the *voir dire* examination.

■■ In regard to the first issue, the interview of the informers was not a proper substitute for disclosure of their identities. The interview of an informer who is a material witness is allowable as a substitute for disclosure of the informer's identity only where "it can truly be shown that his life or safety is in jeopardy." (*People v. Lewis* (1974), 57 Ill. 2d 232, 238, 311 N.E.2d 685, 689.) Here, the State merely asserted that the safety of the informers *could* be endangered by disclosure of their identities. Under *Lewis*, such assertion is not enough, for to hold otherwise would permit the State to always claim the informer would be endangered. Further, the State should not be permitted to avoid disclosure by the similar tactic of merely assigning an informer to another case and claiming that disclosure would, therefore, jeopardize his safety. The record here establishes that the defendant was a 19-year-old college student with no prior history of violence. These circumstances, coupled with the State's failure to offer any evidence of danger to the informers, clearly indicate that the interview was not a valid substitute for disclosure of the informers' identities.

■■ In regard to the second issue, the disclosure here was insufficient to inform the defendant and to allow him to prepare his defense. The disclosure of the names of the informers without supplying their addresses is an effective barrier to investigation by the defendant. In addition, this partial disclosure came at the close of the State's case, which was simply too late to provide an adequate opportunity for the defendant to prepare his defense.

■■ In regard to the third and final issue, we note that a number of recent appellate court opinions have discussed the question of whether counsel have a right to actively participate in the *voir dire* examination of jurors. (*E.g., People v. Brumfield* (1977), 51 Ill. App. 3d 637, 366 N.E.2d 1130; *People v. Thornton* (1977), 54 Ill. App. 3d 202, 369 N.E.2d 358; *People v. Menken* (1977), 54 Ill. App. 3d 199, 369 N.E.2d 363.) With these cases in mind, and after carefully reviewing the record, we have found no

indication that the defendant was prejudiced by the court's refusal to permit defendant's counsel's participation. We, therefore, find no reversible error in the manner in which *voir dire* was conducted here.

For the foregoing reasons, we reverse defendant's conviction for delivering a controlled substance and we remand the cause for a new trial.

Reversed and remanded with directions.

CRAVEN, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting:

It is to be recalled that in *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623, and *People v. Lewis* (1974), 57 Ill. 2d 232, 311 N.E.2d 685, the court's attention was directed to cases where the informer witness was never identified, was never interviewed by defendant's counsel and did not appear as a witness at trial. Such facts are not present here.

In the context of constitutional rights, there is no fixed rule with respect to disclosure of informer witnesses by the State. (*Roviaro*, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623.) It appears that such language and principle is adopted in *Lewis* (1974), 57 Ill. 2d 232, 238, 311 N.E.2d 685, 687.

In *Lewis*, the court said:

"[T]he defendant must, at minimum, be allowed to interview the informer, and if he desires, call him as his own witness, * * *." (57 Ill. 2d 232, 238, 311 N.E.2d 685, 689.)

This record discloses that defendant was accorded greater rights than the minimum stated in *Lewis*, for he was permitted to examine the informer witnesses under oath in a recorded interview some two months prior to trial, to call the informers as his own witnesses and to examine one of such witnesses as upon cross-examination.

It is reasonably apparent that if defendant had simply been supplied with the names and addresses of the witnesses he would be faced with the fact that a witness has no obligation to discuss the case with defense counsel. (*People v. Peter* (1973), 55 Ill. 2d 443, 303 N.E.2d 398; *People v. McAleer* (1975), 34 Ill. App. 3d 821, 341 N.E.2d 72.) Here, he received more.

This record makes clear that the identities and the addresses of the witnesses were under the control of a Federal agency and that they were participating in continuing informer activity for that agency. The "informer's privilege" is recognized as necessary. *Roviaro*, 353 U.S. 53, 59, 1 L. Ed. 2d 639, 644, 77 S. Ct. 623.

It appears that the State's Attorney informed the defendant of the identity of the witnesses promptly upon receiving the information and that such witnesses had no known felony convictions. It is further shown that the State's Attorney arranged for the witnesses to be present to testify if defendant wished to call them and that the permanent address of each was outside of this State.

The transcripts of the tape recording interviews between counsel and the witnesses are included in the record. They disclose no limitation upon counsel's questioning of the witnesses at the interview. The defendant argues that his interview was limited by the fact that he was not permitted to be present when counsel interviewed such witnesses. The report of proceedings indicates that defendant's counsel again interviewed the two witnesses prior to calling them at trial. There is no suggestion that the interview was restricted in time or content. From the record it may be inferred that defendant was not present at this interview, but it is not claimed that he was excluded by order of the court or action of the State's Attorney.

We have examined both the transcript of the interviews prior to trial and the testimony of the witnesses at the trial. Defendant's inquiries of the witnesses at trial was narrower than the interview and was directed essentially to whether the informers first met the defendant on the day of the delivery transaction, or had been at his home prior to that date. As to the informer examined as upon cross-examination, there was no attempt to impeach by inquiry as to prior felony convictions, there was no inquiry before the jury as to the manner of employment as informers or as to compensation for purposes of establishing bias. In substantial terms, defendant did not interrogate the informer witnesses with regard to their activities in arranging for defendant's delivery of a substance to the Federal agent, nor did he interrogate these witnesses concerning the details of the actual delivery.

In short, the facts of record do not disclose that defendant was denied a constitutional fair trial within the rule of *Roviaro* and that he did have the interviews and did call the informers as his witnesses within the rule of *Lewis*. I suggest that this court seriously errs in stating a *per se* rule when both *Roviaro* and *Lewis* expressly determine that there is no such fixed rule. The judgment should be affirmed.