Allen, J.
 

 It is the contention of the plaintiff in error that, since Middaugh applied to and accepted from the Industrial Commission compensation for his injury, he cannot maintain an action against his foreman to recover damages for the same injury. Landrum urges that, as foreman, he was acting within the course of his employment, and within the scope of his authority when the injury occurred, and that hence he does not hold the same position with reference to liability as if he had been an independent third party not connected with the industry, who willfully or negligently caused the injury. He does not contest the fact that there would be a liability
 
 pro tanto
 
 upon such
 
 *614
 
 independent third party; and indeed that question has been this day so decided in the case of the
 
 Ohio Public Service Co.
 
 v.
 
 Sharkey, Admr., ante,
 
 586, 160 N. E., 687. It is in brief the contention of plaintiff in error that the employer and its officers and agents are all linked together for the purpose of fixing the liability of the employer to suits for damages, and that therefore they must be all linked together for the purpose of establishing nonliability, and that the officer, agent, employe, or servant is as much protected from suits for damages as is the employer under such facts as set out herein.
 

 If there had been no compensation law, Middaugh could have sued either the Rush Creek Clay Company or Landrum; but he would have been required to elect which one to sue.
 
 French, Admr.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669.
 

 Plaintiff in error claims that, since Middaugh, prior to the enactment of the Workmen’s Compensation Act (Gen. Code, Sections 1465-37 to 1465-108), would have been compelled to elect whether he would sue his employer or the foreman, under the doctrine of the
 
 French case, supra,
 
 every employe in an industry covered by the Compensation Act, in a case where an injured coemploye has accepted compensation under the act, is immune from suits for damages brought by coemployes for acts of mere negligence claimed to have caused the same injury for which compensation was accepted, if the employe alleged to have caused the injury was at the time acting within the scope of his employment.
 

 It has been held, under specific statutory enactments giving injured employes a right of action
 
 *615
 
 for damages against third persons whose negligence causes the injury, that a negligent employe is such a third person and is liable, irrespective of the right of compensation from the employer under the statute.
 
 Churchill
 
 v.
 
 Stephens,
 
 91 N. J. Law, 195, 102 A.,
 
 657; Lees
 
 v.
 
 Dunkerly Bros.,
 
 103 L. T. Reports, N. S. (England), 467. The words, “some person other than the employer,” in a similar statute, have been recently held, in
 
 Webster
 
 v.
 
 Stewart,
 
 210 Mich., 13, 177 N. W., 230, to include the vice president of the employer corporation. However, since this state has no statute upon the question, we are remitted to deciding .the case upon the general principles of law.
 

 Plaintiff in error urges that the fact that the foreman was a stockholder in the Rush Creek Clay Company exonerates him from liability. With this contention we cannot agree. The corporation has an existence independent of its stockholders, and hence the fact that the corporation is immune from suit because of acceptance of compensation by Middaugh does not avail Landrum merely because of his ownership of stock in the corporation.
 

 Is the foreman, however, so merged with the employer, when acting within the scope of his employment, that the immunity of the employer from liability under the Workmen’s Compensation Act also renders the foreman immune?
 

 That he is not merged with the employer in performing certain acts is evident. If the foreman willfully, maliciously, or wantonly, in pursuance of his own unlawful purpose, injures a fellow employe, his act is not the act of the employer. But his acts done in lawful furtherance of the employ
 
 *616
 
 er’s business, under express authority of the employer, are the employer’s acts. It is upon this theory that the employer is liable for the acts of the foreman done pursuant to and in the course of his employment.
 
 Qui facit per alium facit per se-.
 
 The acts which the foreman does in the course of his employment, without malice, wantonness, or willful intent, he would not do unless expressly authorized and ordered by his employer to do them. Moreover, the employe is under the complete control and direction of his employer in doing such acts. This fact distinguishes the instant case from the case of the
 
 Trumbull Cliffs Furnace Co.
 
 v.
 
 Shachovshy,
 
 111 Ohio St., 791, 146 N. E., 306. In that case, the act which this court held constituted a basis for liability against the third person at the suit of an injured workman, even though the injured workman had accepted compensation under the Workmen’s Compensation Act, was the independent act of an independent third person not subject to the control of the employer of the injured employe. Since the employe’s acts are the acts of the employer, for the purpose of fixing the employer’s liabilities, they must logically be held to be the acts of the employer instead of the acts of the employe for the purpose of fixing the liability of the employe.
 

 Hence we hold that the act of Landrum, as set forth in the petition, being in the regular course of the employment, and not being alleged to be willful, wanton, or malicious, was the act of the employer, and that Landrum cannot be held liable
 
 *617
 
 after application for and acceptance by defendant in error of compensation under the act.
 

 Judgment of the Court of Appeals reversed and that of the common pleas
 
 affirmed.
 

 Marshall, C. J., Day, Robinson and Matthias, JJ., concur.