Wilkin, J.
 

 The vital issue in this case is the question as to the propriety of the
 
 voir dire
 
 examination of prospective jurors by counsel for plaintiff. The other assignments of error by the Court of Appeals are not so serious. While the assignments were not groundless, yet it cannot be said that the error was prejudicial.
 

 While the court’s charge may fail to separate and define the issues of fact as clearly as might be desired, yet the charge as a whole presents a very fair analysis of the issues. Because of the small number of issues in the case no elaborate or detailed analysis was required. They are concisely set forth in the pleadings, and the court reviewed the pleadings with explanatory comments. It cannot be said that the charge failed to advise the jury as to the issues in the case.
 

 The third assignment of error would be a valid cause for reversal if the error were not corrected in the subsequent part of the charge. To say, “It is doubtful if a child of seven years of age can be guilty of negligence,” is the expression of an opinion by the court that is prejudicial. It was conceded that the plaintiff’s
 
 *539
 
 decedent was a child of seven years and eight months of age. A child of such age is required by law to exercise that degree of care for protection that children. of the same age and similar experience are accustomed to exercise under the same or similar circumstances. And it was the duty of the court to so charge without volunteering any opinion as to the capability for negligence of a child of such age. But it is conceded that the remainder of the charge is well stated. And since the court reverts to the subject again in its final charge to the jury after argument, and correctly states the law on this point, it cannot be said that the defendant was prejudiced by the court’s inadvertence. The instructions as a whole are a fair presentation of the jury’s duty with reference to contributory negligence in the circumstances. '
 

 But the first assignment of error — the interrogatories addressed to the jurors regarding their interest in or connection with casualty insurance companies —presents a much more serious problem, a problem that has troubled this court not only in this case but in other cases, and not only this court but other courts of the state, as well as courts of other jurisdictions. There is sharp diversity of opinion on the issue and a great variety of suggestions for its solution.
 

 The issue was clearly raised in the case of
 
 Pavilonis
 
 v.
 
 Valentine,
 
 120 Ohio St., 154, 165 N. E., 730, and this court, by a bare majority of its members, held that such interrogatories were proper. There are strong dissenting opinions, however, by two of the three judges who did not concur. Prior to the announcement of the decision in the
 
 Pavilonis case
 
 the weight of opinion in this state was probably against such
 
 voir dire
 
 examinations. Since the
 
 Pavilonis case
 
 was decided the issue has again been discussed in the case of
 
 Fromson & Davis Co.
 
 v.
 
 Reider,
 
 127 Ohio St., 564, 189 N. E., 851. Although it is true, as stated in the dissenting opinion, that the issue was not involved in that
 
 *540
 
 case, yet the majority opinion contains a strong pronouncement against “the mode of procedure authorized under the
 
 Pavilonis case
 
 .” Now the question is again squarely before this court.
 

 At the outset it should be noted that if a casualty or liability insurance company is actively or ostensibly engaged in the trial — that is, if it enters its appearance as nominal party, or in open court discloses active interest in the cape — then there is no dispute as to the propriety of inquiring of jurors as to their interest in or connection with such company. In the
 
 Pavilonis case
 
 it is suggested in the majority opinion that a casualty insurance company was actually conducting the defense, with its counsel and investigators present at the trial table; and the dissenting opinion states that if it is meant by this that it was patent to the jurors that an insurance company was an indemnitor and actively interested in the trial, then no prejudice could have resulted from questioning jurors on their
 
 voir dire
 
 as to interest in such company.
 

 The question arises only in those instances where the insurance company is first insinuated into the case by the
 
 voir dire
 
 examination. The error consists of injecting into the case consideration of an improper party and an extraneous issue. As stated in the
 
 Pavilonis
 
 dissent, “The issue to be determined by the jury is whether the actual defendant to the suit has been guilty of negligence, and, if so, whether that negligence is a proximate cause of the injury, and, if those matters are determined in plaintiff’s favor, what damage has been suffered.” And, again, “Pavilonis had the right, not only to an impartial court, but to an impartial jury, and had the right to a trial upon the issues of negligence, unhampered by the voluntary suggestion, frequently repeated, that Pavilonis might be insured, and, in case of an unfavorable verdict, would be able later to recoup, either partially or wholly, from a casualty company not a party to the suit.”
 

 
 *541
 
 A sound public economy and the administration of justice require a strict adherence to the issues between the primary parties without regard to the existence of any indemnity contract. Liability insurance is written to indemnify the assured against legal liability only. The injection of the insurance company into the case by innuendo creates the assumption on the part of jurors that the insurance company has been paid to indemnify the injured plaintiff for his loss, and that it is attempting to escape such liability. The objectionable
 
 voir dire
 
 examination draws the obligation of the insurance company into the case without giving the insurance company a chance to explain the exact extent and nature of such obligation. And the extension or increase of its obligations entails a corresponding increase in the rates of insurance which must be borne by innocent persons.
 

 The brief of plainiff itself shows the prevalence of such fallacious assumption. It asserts that the insurance company is “the real party defendant” and says that it attempts to pose behind the nominal party defendant for the mere purpose of avoiding liability, “thus attempting to defeat the very purpose of a contract to indemnify persons who are injured or killed by the negligence of the insured.” It cannot be asserted with too much emphasis that the insurance company is not the real party defendant. The parties involved in the action for damages should be the same as the parties involved in the accident or injury. And a sound public policy requires the determination of the question of liability by reference to the issues between such parties only, without reference to their contracts with others. There is no more reason to say that an indemnity insurance company is party to the suit because it has a liability to pay the judgment, or part of it, than there is to say that attorneys for a plaintiff are parties to a suit because they have been assigned an interest in the judgment to secure their fees. And it deserves
 
 *542
 
 to be repeated that the contract of the insurance company is not “to indemnify persons who are injured,” but to indemnify the assured only to the extent of his legal liability.
 

 Counsel for plaintiff frankly stated in argument that it is well known that one element in the jury’s determination of the amount of the verdict is the ability of the defendant to pay, and insisted that the existence of an insurance contract bears materially upon that point. Is a defendant to be penalized for his prudence and providence? Would counsel say that a defendant’s savings should be disclosed?
 

 Plaintiff’s brief further states:
 

 “If there are any jurors intimately connected with the insurance business or owning or holding stock in an insurance company or having close friends or relatives engaged or employed in the insurance business, then the plaintiff in the trial of a case before a jury has the absolute right to ascertain by questions whether such a condition exists among the members of the jury panel.”
 

 But if it is not revealed that the defendant has an insurance contract, what difference could it make that some juror is interested in an insurance company? And how remote the likelihood that any juror might be interested in the particular company that insured the defendant. That some juror is interested in or employed by, or has some relative who is interested in or employed by, an indemnity insurance company, not directly interested in the case, would hardly be grounds for challenge. Such circumstances could hardly be accepted as a logical reason for peremptory challenge. In an action for damages against a city, the fact that a juror is a resident and taxpayer.of the city is not of itself a disqualification.
 
 Maddex
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 151 N. E., 56.
 

 The law should not encourage fishing expeditions
 
 *543
 
 for such remote and improbable interests when the prejudice from such investigations is so probable.
 

 If counsel for plaintiff, acting in good faith, is led to a belief or even a serious apprehension that there may be such a conflicting interest in some prospective juror or jurors, there is a way for him to protect his client’s interests without prejudicing the interests of the defendant. Such way is pointed out in the dissenting opinions in the
 
 Pavilonis case,
 
 and in other cases dealing with the subject. As therein suggested, counsel might very well state his apprehension to the presiding judge and ask the judge to conduct the examination of the jurors on their
 
 voir dire.
 
 The judge, upon proper showing of cause, could conduct the examination of the jurors on this point after first stating that he has no knowledge whether or not the defendant is insured, and that they must assume that he is not insured. Or if the counsel conducts the investigation, he should, as therein stated, do it by questions of a general and impartial nature as to place of employment and nature of financial interests, without the prejudicial suggestion that an insurance company is involved in the case, and such questioning must not go beyond the extent necessary to insure a fair and impartial jury in view of the circumstances of the case and the parties to the litigation.
 

 The development and extension of indemnity insurance business, and the growth of negligence cases under the conditions upon which they are usually conducted, have developed this very perplexing problem of modern jurisprudence. The courts are forced to balance the probable evils of two possible courses:
 

 1. If such questions are asked, the defendant must take the risk of having some juror or jurors on the panel, who, because of such questions, might be influenced against the defendant regardless of the facts and the law.
 

 2. If such questions aré not asked, the plaintiff
 
 *544
 
 must take the risk of having some juror or jurors on the panel, who, because of some interest in insurance companies, might be influenced against the plaintiff regardless of the facts and the law.
 

 This court is of the opinion that the latter course entails less likelihood of evil consequences than the former course. The probability of evils thereunder is more remote. And there is greater possibility of avoiding entirely the evil consequences of the second course than of the former course.
 

 It is the aim of the law to afford litigants an impartial tribunal and a fair trial. And in order to realize that aim it seems highly important that counsel should as far as possible be restrained from attempting, directly or indirectly, by insinuation or otherwise, to bring to the knowledge of jurors matters which have a tendency to influence the jury to determine the case otherwise than upon the issues directly involved. To create in the minds of jurors the idea that the defendant is not really interested in the outcome of the case, and will not have to bear the burden of the verdict, whatever it may be, is very reprehensible and interferes with the exact administration of the law.
 

 For the reasons stated herein, this court is of opinion that the examination of the jurors as mentioned by the Court of Appeals in the first assignment of error was prejudicial, and the judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Jones and Bevis, JJ., concur.
 

 Zimmerman, J., concurs in paragraphs one and two of the syllabus and in the judgment.
 

 Stephenson, J., concurs in the judgment.
 

 Matthias, J., dissents.