### SALERNO v OPPMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15140. Decided April 20, 1936

Borden & Gaines, Cleveland, for plaintiff.
McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant.

## OPINION

By LEVINE, J.

We are again called upon to deal with a much mooted question of the latitude to be allowed counsel in interrogating prospective jurors on voir dire examinations as to their connection with or interest in a casualty insurance company. The refusal of the trial court to permit the interrogation above set forth was in reliance upon the case of **Vega, Admr. v Evans, 128 Oh St 535,** which, at the time of trial of this case, was the last pronouncement of the Supreme Court of Ohio on this subject.

Syllabus 3 of Vega, Admr. v Evans, reads as follows:

"It is error to permit the examination of a prospective juror on his voir dire as to his connection with, interest in or relationsnip to any liability insurance company as such unless such insurance company is party to the litigation or unless it has theretofore been disclosed to the court by such company or by the defense thru such insurance company is actively and directly interested in the litigation. (Paragraph 3 of the syllabus in Pavilonis v Valentine, supra, overruled)."

The case of **Pavilonis v Valentine, 120 Oh St 154,** in explicit terms permitted such inquiry when asked in good faith. In Vega v Evans, the Supreme Court departed from this view and expressly overruled it. If the decisions in the Vega case remained undisturbed, the trial court of necessity would have been compelled to refuse the interrogation. In the recent case of **Dowd-Feder, Inc. v Truesdell, 130 Oh St 530,** (or Ohio Bar Rep. March 23, 1936, p. 530) the Supreme Court of Ohio on March 18, 1936, modified the view expressed in Vega, Admr. v Evans, supra, and also the view expressed in Pavilonis v Valentine, supra. The syllabi of the case reads as follows:

"1. The purpose of the examination of a prospective juror upon his voir dire is to determine whether he has both the statutory qualifications of a juror and is free from bias or prejudice for or against either litigant.

2. In the examination of a juror upon voir dire in cases involving property

damage, personal injury or both, he may be asked the general question whether he has had any connection with or interest in a casualty insurance company. If the answer be in the affirmative, the juror may then be asked the name of such company and the nature of his connection with or interest therein. (Paragraph three of the syllabus in **Pavilonis v Valentine, 120 Oh St 154,** and paragraph three of the syllabus of **Vega, Admr. v Evans, 128 Oh St 535** modified).

3. All questions in the voir dire examination must be propounded in good faith. The character and scope of such questions cannot become standardized and must be controlled by the court in the exercise of its sound discretion the court having for its purpose the securing to every litigant an unbiased jury."

It is urged, relying upon the last decision of the Supreme Court, that the trial court committed error in refusing the interrogation since there was no question of good faith on the part of plaintiff's counsel. Counsel for defendant in error interprets the last decision of the Supreme Court to mean that while it is not error to permit questions of this kind in the voir dire examination that it is not error on the part of the trial court to reject such inquiry because the permitting or refusal to permit such questions lies within the sound discretion of the trial court. A reading of the syllabi in the case of Dowd-Feder, Inc. v Truesdell, supra, can lead to no other conclusion but that the Supreme Court intended to establish the law that it is the right of counsel in every law suit on voir dire examination to inquire of prospective jurors concerning their possible connection with, interest in or relationship to a casualty insurance company. But the scope and extent of such inquiry lies within the sound discretion of the trial court.

The language used in the opinion of Robinson, J., in **Pavilonis v Valentine, 120 Oh St 159,** is highly convincing:

"What is there about the respectable, substantial and all pervading business of insurance that would require a different rule to be adopted with reference to it than is adopted with reference to every other business that may from time to time be directly or indirectly interested in the rule of a lawsuit, although not a party to it? We have not such a base estimate of the integrity of jurors generally, nor such a contempt for the jury system, as to lead us to believe that jurors, in violation of their oaths, render verdicts pro and con according to their suspicions that by their verdict a cause of action may or may not arise against an insurance company; nor are we willing to pronounce a judgment which would condemn a system that is ingrafted upon the government by its fundamental law and has been employed by civilized nations since a period of which history has no record, a system which the Supreme Court of the United States has twice eulogized as 'twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant, the mechanic, the farmer, the laborer; these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. This average judgment thus given it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man, that they can draw wiser and safer conclusions from * * * facts thus occurring than can a single judge.' Sioux City V. P. Rd. Company v Stout, 34 U. S. (17 Wall) 657, 664, (21 L. Ed. 745); Davidson Steamship Co. v United States, 205 U. S. 187, 191, 27 Sup. Ct. 480, 51 L. Ed. 764."

It is our opinion that the Supreme Court of Ohio in Dowd-Feder, Inc. v Truesdell, supra, adopted the reasoning of Robinson, J., with the modification, (1st) that the inquiry must be in good faith, and not for the purpose of arousing prejudice, and (2nd), that the scope of the inquiry lies solely within the discretion of the trial court. If the contention of counsel for defendant in error as heretofore expressed is correct, namely, that the discretionary power which the Supreme Court lodged in the trial court relates not only to the extent and scope of the inquiry but also to the subject matter of the inquiry as well. we would be led into additional confusion. No attorney could possibly know in advance how that discretion will be exercised. Under the interpretation of counsel for the defendant, of the latest decision of the Supreme Court, counsel would attempt such an inquiry at his own risk as the trial court would have the power to declare a mistrial. In the opinion of Dowd-Feder, Inc. v Truesdell, page 552, we find the following:

"The only way to prevent those who have insurance interests or connections from sitting on juries in the trial court of neg-

ligence cases is by the test applied in voir dire interrogation."

"In view of the fact that neither litigant nor counsel can know personally every prospective juror, inquiry into a juror's possible connection with or interest in a casualty insurance company is obviously necessary in order that his cause shall not be tried by a jury whose views in such cases are colored by their investments, income or other prejudicial interests."

"The overwhelming weight of authority holds that where parties apparently act in good faith, considerable latitude should be allowed in the interrogation concerning the competency of prospective jurors to try the facts under investigation * * *. Any rule of law which denies a litigant reasonable latitude in the examination of prospective jurors as to their qualifications in order to enable him to exercise such peremptory challenges judiciously and intelligently deprive him of a substantial right. * * *"

We do not agree with the interpretation given the decision of the Supreme Court by counsel for defendant. It is clear to us that under the law as it now exists, the right to the inquiry on voir dire examination, made in good faith as to any prospective juror's connection with, interest in or relation to a casualty insurance company is regarded as a substantial right and a proper subject of inquiry which the trial court cannot take away from either party, but the trial court may properly control the scope and extent of the inquiry.

We therefore hold that the trial court erred in not permitting the three questions propounded to the prospective jurors above set forth; that the plaintiff was thereby deprived of a substantial right which requires a reversal of the case.

Judgment reversed and cause remanded for further proceedings according to law.

LIEGHLEY, PJ, and TERRELL, J, concur in judgment.