Williams, J.
 

 Were the facts such that the court was warranted in submitting the questions of wilfulness and wantonness to the jury?
 

 The amended petition charged that the defendant was guilty of wanton and wilful carelessness, negligence and recklessness in driving his automobile at a high rate of speed and permitting it to leave the highway. The trial court, in the charge, and by giving plaintiff’s requests referred to in the journal entry of the Court of Appeals, injected “wilful and wanton negligence” into the case.
 

 The theory upon which the case was tried was that if the defendant was guilty of “wilful and wanton negligence” the plaintiff could recover under
 
 Landrum
 
 v.
 
 Middaugh,
 
 117 Ohio St., 608, 160 N. E., 691, and was based upon language in the opinion which indicates
 
 *324
 
 that an injured employee entitled to and receiving compensation could maintain an action against his foreman predicated upon the latter’s wilful, malicious or wanton act.
 

 The Court of Appeals took the position that there was no proof of wilfulness but that there was evidence requiring submission of the case to the jury on the question of wantonness.
 

 The defendant, Charles A. Morrow, testified that at the time of the accident he was driving his automobile some forty to forty-five miles per hour. While there was no witness to the accident other than the defendant, testimony of other witnesses was adduced tending to show that the car was driven from Warren, Ohio, to the point where it left the road, in such a short period of time that the rate of speed must have been much higher. The defendant further testified that no other automobile was approaching at the time, that he did not know that the automobile was off the pavement, that the first intimation he had of anything out of the ordinary was a crash and that when he came to he was sitting on the running board of his car. His testimony in this respect was uncontradicted. There can be no inference that he wilfully drove the car off the highway or wilfully injured the decedent. On the other hand, wantonness can never be predicated upon speed alone; but when the concomitant facts show an unusually dangerous situation and a consciousness on the part of the driver that his conduct will in common probability result in injury to another of whose dangerous position he is aware, and he drives on without any care whatever, and without slackening his speed, in utter heedlessness of the other person’s jeopardy, speed plus such unusually dangerous surroundings and knowing disregard of another’s safety may amount to wantonness.
 
 Vecchio
 
 v.
 
 Vecchio, ante,
 
 59;
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St.,
 
 *325
 
 567, 200 N. E., 843. The evidence adduced did not tend to prove a wanton act.
 

 There is no evidence in the record to show that the automobile left the road on account of the speed at which it was going, but it appears merely that the machine left the road without explanation-as to the cause. Under the circumstances the doctrine of
 
 res ipsa loquitur
 
 is applicable and the law of. negligence governs.
 
 Weller, Exrx.,
 
 v.
 
 Worstall,
 
 129 Ohio St., 596, 196 N. E., 637.
 

 Did the trial court err in sustaining the demurrer of the plaintiff to the second defense?
 

 After the demurrer was sustained an amended answer was filed which omitted that defense; there is, therefore, a question whether the defendant by amendment waived any error that may have been committed in' sustaining the demurrer. We will, however, pass by the question of waiver and proceed to a consideration of the sufficiency of the second defense.
 

 In brief, the defense was based upon the claim that the Youngstown Pressed Steel Company, the employer of both the defendant, who was vice president in charge of sales, and of the decedent who was working as a salesman under the direction and control of the vice president, had complied with the Workmen’s Compensation Law of Ohio, that the decedent was entitled to and had received compensation from the Workmen’s Compensation fund in this state, and that the defendant as superior of the decedent could not be personally liable in damages for decedent’s death under the rule laid down in
 
 Landrum
 
 v.
 
 Middaugh, supra.
 

 As this court takes the view that neither wilfulness nor wantonness is involved, there can be no recovery unless plaintiff’s right to recover can properly be predicated on defendant’s negligence in the operation of the car. There is no question that the defendant owed a duty to third parties, not employees of the
 
 *326
 
 Youngstown Pressed Steel Company, who might be using the highway.
 

 The guest statute (Section 6308-6, General Code) was not in force at the time of the accident. Therefore there is presented the simple question whether the defendant owed a duty to the decedent. It is admitted in the first defense of the answer that the automobile was owned and driven by the defendant. It appears from the allegations of the second defense that in making the trip to Detroit, the defendant was acting under express authority and direction of the employer and in furtherance of his employer’s business, but no facts are alleged which show that the employer had any power or right to direct the operation and "control of the automobile.
 

 This court is driven to the conclusion that this case may be distinguished from
 
 Landrum
 
 v.
 
 Middaugh, supra.
 
 In that case a board had been caught by a conveyor and by it carried into a dry pan, thereby obstructing and interfering with the free operation of the machinery. The defendant, who was the foreman of the company operating the plant, directed the “plaintiff together with a fellow worker to assist him” in taking the board from its lodgement. As the plaintiff, in obeying the order, reached his left arm into and under the dry pan to get the board, the defendant foreman, without notice or warning, started the machinery thereby crushing plaintiff’s arm. It thus appears that the foreman was the
 
 alter ego
 
 of the employer in the operation of the employer’s machinery.
 

 In the instant case the defendant was in a different position in that he was operating and controlling his own automobile. The defendant did owe a duty to the decedent and may be held to respond in damages for the wrongful death based on his negligence provided all elements warranting recovery are present.
 

 Were the defendant and the decedent engaged in a joint enterprise in the driving of the automobile1?
 

 
 *327
 
 At the time they were making a trip together to execute a common purpose, the securing of a contract to furnish certain goods to the Kelvinator Refrigerator Company at Detroit, Michigan, and were on their way to their destination by a direct route. They were not, however, engaged in a joint enterprise in the operation of the automobile. To constitute a joint adventure in that respect it would be necessary for each to have authority to act for all in respect to the control of the vehicle.
 
 Bloom
 
 v.
 
 Leech, Admr.,
 
 120 Ohio St., 239, 166 N. E., 137. "What is more to the point, persons engaged in a joint enterprise owe each other a duty; in other words, if one of the members of a joint enterprise is free from contributory negligence and the other is guilty of actionable negligence causing injury, the joint adventurer injured may recover from the other. The reason for the rule is stated in
 
 Bloom
 
 v.
 
 Leech, Admr., supra:
 

 “When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person. For present purposes it is sufficiently accurate to say that the relations of joint adventurers as between themselves are governed practically by the same rules that govern partners.
 
 Harm
 
 v.
 
 Boatman,
 
 128 Wash., 202, 222 P., 478. In the case of partners, an action for damages will lie by one partner against the other for wrongs inflicted upon the person or property of the one seeking to recover.”
 

 There was no joint enterprise and, if there were, it would not preclude liability.
 

 Was there error in interrogating the prospective jurors on their
 
 voir diref
 

 The Court of Appeals applied the rule of
 
 Vega,
 
 
 *328
 

 Admr.,
 
 v.
 
 Evans,
 
 128 Ohio St., 535, 191 N. E., 757. Since the determination of the error proceeding in that court, this court has decided the case of
 
 Dowd-Feder, Inc.,
 
 v.
 
 Truesdell,
 
 130 Ohio St., 530, by which the third paragraph of the syllabus in
 
 Vega, Admr.,
 
 v.
 
 Evans, supra,
 
 was modified.
 

 The plaintiff below had tbe right to interrogate a juror on his
 
 voir dire
 
 regarding his connection with casualty insurance companies, and as to any interest he might have therein and the extent of his connection or interest, but counsel could not propound the questions in such form as to evidence lack of good faith. If the mode of interrogation does not comply with the rule it is the duty of the trial court in all cases to require counsel to. put the questions in such a way as to be in accordance with orderly procedure.
 

 As there is nothing to show bad faith in the instant case the questions were proper and the trial court was bound to allow them.
 

 The Court of Appeals did not err in reversing the judgment of the trial court, but did err as to the grounds of reversal.
 

 The judgment of that court will be affirmed and the cause remanded for a new trial in accordance with the principles of the law of negligence as hereinbefore pronounced.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.