MIESMER, AN INFANT, APPELLANT, *v.* DILLIN, AN INFANT, APPELLEE.

(No. 1943—Decided February 7, 1941.)

*Mr. John F. Locke,* for appellant.
*Messrs. Lynch, Day, Pontius & Lynch, Mr. K. B. Cope* and *Mr. D. W. Raley,* for appellee.

SHERICK, P. J. The error complained of in this appeal is in that the trial court wrongfully directed a verdict at the conclusion of the plaintiff's case. This claim has necessitated a close examination of the averments of the amended petition and plaintiff's evidence offered in support thereof.

Plaintiff sues as a guest passenger. She predicates

her action on defendant's wanton misconduct. A word should be spoken concerning defendant's answer. In its second defense it is admitted that when he "observed that the car ahead of him had stopped on said street, he attempted to prevent a collision, endeavored to so change the course of said Ford car as to avoid the stopped car, and applied his brakes in an effort to stop said Ford car." It is further pleaded that plaintiff exposed herself to danger and that she assumed the risk of injury. If this is a simple action in negligence, this last averment presents a proper defense fully established by plaintiff's evidence, as will hereinafter become apparent. But if defendant's wantonness has been shown, the contrary is true, because the negligence of plaintiff is not a defense to wanton misconduct on the part of the defendant. 20 Ruling Case Law, 144, Section 118; *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St., 567, 200 N. E., 843. Now let us recite what the pleadings and plaintiff's evidence disclose. This must and will be done in the most favorable light to plaintiff's case.

On a June night, around the hour of six, a number of children, high school musicians, boarded two automobiles for the purpose of advertising a band concert. It had previously rained and the streets were wet and slippery. A young lad drove the first car. On its two front fenders were perched a boy and girl. The defendant, a boy of sixteen, with two other children occupied the front seat of the second car. The defendant was driving. The plaintiff, seventeen years of age, occupied the right front fender. Her sister the left fender. The cars in order, one following the other, turned into a 25-foot street, bricked and curbed, and progressed thereon for about four-tenths of a mile. The second car was being driven at a speed of 20 to 35 miles per hour. Defendant says that he was from three to four hundred feet back of the first car which

he could see at all times, except when rounding a curve in the street some 800 feet from the scene of the accident. After this curve had been passed, plaintiff and her sister say, it began to rain and they cried out and implored the defendant to stop and let them in the car. They state that they waved to him, that he saw and heard them, and that he held up his hand in acknowledgment of their request or protest and flippantly disregarded their entreaty. They also say that defendant lit a cigarette, and, after the first car stopped at the right curb, that they, when 125 feet and again when 75 feet from the parked car, cried out and told defendant that the first car had stopped and for him to stop. They further say that defendant did not slacken his speed, and that when the two cars were about a car's length apart, the two girls jumped and that at the same instant defendant applied his brake. Defendant says that he saw the boy and girl who had been riding on the fenders of the first car trying to enter the right door of the parked car. He says that his car hit the first car's rear, dead center. He says that he had driven an automobile for three years.

When we analyze this evidence, as plaintiff views it, in the light of her claim that defendant's conduct manifested a disposition to perversity, in purposely subjecting these two girls to a thrill of escape from imminent danger by a quick stop, we find a situation of real danger glaringly apparent to anyone capable of exercising ordinary care. If plaintiff's version of the facts and defendant's conduct is the true explanation of the situation, then it is clear that the defendant deviated designedly from the exercise of commensurate care to protect his guest in the presence of known danger and purposely subjected plaintiff to a greater hazard which actually resulted in her foreseeable injury.

The court in *Akers* v. *Stirn,* 136 Ohio St., 245, at 249

and 250, 25 N. E. (2d), 286, approves of its prior conclusion in *Morrow* v. *Hume, Admx.*, 131 Ohio St., 319, at 324, 3 N. E. (2d), 39, wherein it states its understanding of what is wantonness as follows:

"When the concomitant facts show an unusually dangerous situation and a consciousness on the part of the driver that his conduct will in common probability result in injury to another of whose dangerous position he is aware, and he drives on without any care whatever, and without slackening his speed, in utter heedlessness of the other person's jeopardy, speed plus such unusually dangerous surroundings and knowing disregard of another's safety may amount to wantonness."

Considering the facts of the present case, it is observed that this pronouncement might with propriety have been made herein.

Both theories of the case might properly be deducible from plaintiff's evidence. One theory is the correct explanation. The other is not. Neither the trial court, nor this court, has anything to do with determining the credibility of witnesses in a jury case. The same is true as to the weighing of facts when they are susceptible of two logical constructions. That province rests exclusively with the jury and not the court.

We reach the conclusion that the trial court erred in directing a verdict. The judgment entered must therefore be reversed and the cause remanded.

*Judgment reversed and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.