Matthias, J.
The issue presented to this court is whether the provisions of Section 29(6) of the New York Workmen’s Compensation Law and the plaintiff’s acceptance of death benefits thereunder bar the plaintiff from maintaining this action in the state of Ohio.
Under the New York Workmen’s Compensation Law, the right to compensation or benefits thereunder is the exclusive remedy of an employee or, in case of his death, his dependents, where such employee is injured or killed by the negligence or wrong of another in the same employ.
Under Ohio law this matter is treated in Section 4123.54, Revised Code, as follows:
“If an employee is a resident of a state other than this state and is insured under the workmen’s compensation law or similar laws of a state other than this state, such employee and his dependents are not entitled to receive compensation or benefits under Sections 4123.01 to 4123.94, inclusive, of the Revised Code, on account of injury, disease, or death arising out of or in the course of employment while temporarily within this state and the rights of such employee and his dependents under the laws of such other state shall be the exclusive remedy against the employer on account of such injury, disease or death.” (Emphasis added.)
Thus, the issue is presented as to whether this action against *245 a eo-employee, prohibited under the New York Workmen’s Compensation Law as to those who have received compensation under such law, may be maintained in Ohio, where the cause of action arose and where such actions against co-employees are not prohibited by the Ohio Workmen’s Compensation Act.
The cases of Landrum v. Middaugh, 117 Ohio St., 608, 160 N. E., 691, and Morrow v. Hume, Admx., 131 Ohio St., 319, 3 N. E. (2d), 39, cited by the parties herein, were each brought by an employee, or on behalf of the dependents of an employee, to recover from a eo-employee damages for injuries or death occasioned by the negligence of such co-employee. Each was decided prior to the enactment of the quoted paragraph of Section 4123.54, Revised Code, effective September 3, 1941 (119 Ohio Laws, 565, 567), and in each the injuries occurred in Ohio during employment by an Ohio employer, and the injured employee or his dependents, in the event of his death, had been compensated from the State Insurance Fund of Ohio.
In the Landrum case, recovery against the fellow employee was denied, because the defendant was a foreman in direct supervision and was the “alter ego” of the employer in the operation of machinery. But in the Morrow case, which was an action to recover damages for the wrongful death of an employee while riding in an automobile owned and driven by his superior co-employee, caused by the negligence of the driver while both were engaged in a trip in the service of their employer, a demurrer was sustained to a defense in the answer of the defendant co-employee that the widow and the dependents of the deceased employee had been awarded compensation by the Industrial Commission of Ohio. That judgment was affirmed by this court.
In Section 4123.54, Revised Code, supra, only the rights of the injured party against the employer are set forth. The statute fails to state that “the rights of such employee and his dependents under the laws of such other state shall be the exclusive remedy against the employer [and his employees] on account of such injury, disease or death,” as would have been necessary if actions to recover damages from a eo-employee were to be governed exclusively by the statutes of the foreign state.
*246 Thus, the Morrow case established the' principle that employees of Ohio employers or the dependents of such employees are not precluded from recovering for injury or death merely because the alleged tort-feasor happened to be a co-employee; and Section 4123.54, enacted subsequent to the Morrow case, did not disturb that principle since it did not establish immunity for nonresident co-employees. In other words, the immunity from suit by injured employees which is granted an employer by the Ohio Workmen’s Compensation Act does not necessarily extend to co-employees, whether resident or nonresident.
In 9 Ohio Jurisprudence (2d), 665, 666, Section 9, it is stated:
“The broad uncontroverted rule is that the lex loci [the law of the place in which the facts or circumstances arose on which the litigation is based] governs as to the substantive rights of the parties, that is, as to all matters going to the basis of the right of action itself, while the lex fori [the law of the jurisdiction in which the litigation occurs] controls as to matters connected merely with the remedy, such as the form of remedy and all matters of procedure relating thereto. * * * Procedure has been defined as the machinery for carrying on the suit, including pleading, process, evidence, and practice, whether in the trial court or the appellate courts for review, or in laying the foundation for such review.”
The cause of action in the instant case arose in Ohio because the accident (the “facts or circumstances”) occurred in this state. The right of the plaintiff herein to bring this action arose under the provisions of the following sections of the Revised Code: Section 2125.01 (“action for wrongful death”), Section 4515.01 (“venue in actions for injury caused by motor vehicles”) and Section 2703.20 (“service of process upon nonresident owners or operators of motor vehicles”). These sections of the Revised Code establish the right of dependents to recover for wrongful death, authorize the bringing of an action to recover for an injury arising out of the operation of a motor vehicle in the county wherein the injury occurred, and provide for service upon nonresident operators of motor vehicles.
Thus, by the statutes of this state relating to workmen’s compensation and the decision of this court in the case of *247 Morrow v. Hume, supra, an employee or his dependents, whether resident or nonresident, are not precluded from recovering damages from a co-employee for injuries or death, merely because of their receipt of benefits under a workmen’s compensation law; and, by the statutes above, such an employee, whether resident or nonresident, may maintain an action against his co-employee in Ohio where the injury resulted from the operation of a motor vehicle in this state by such co-employee.
It is here noted that this decision relates only to a demurrer to an. answer. In keeping with the general policy of this court to refrain from the expression of dicta, it follows that when we find that the answer demurred to does not contain a defense we have determined the only question before the court at this time. It may well be that a more complete treatment of the subject of suits by co-employees who have received compensation from the State Insurance Fund is merited. It is apparent, however, that such treatment must be left to a review by this court of a decision wherein there is a more complete record than that in the instant case which has not passed the pleading stage.
Suffice it to say that, since in the instant case the law of Ohio is both the lex loci and the lex fori, the law of Ohio relating to both substance and procedure is controlling. See Collins, a Minor, v. McClure, 143 Ohio St., 569, 56 N. E. (2d), 171. The parties to this action, therefore, although they represent and are, respectively, co-employees of a New York firm, have the same rights, privileges, duties and liabilities as would co-employees of an Ohio firm under the same circumstances.
It follows that the judgment of the Court of Appeals should be, and it hereby is, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Bell and Herbert, JJ., concur.