Weygandt, C. J.
Counsel have waived oral argument apparently for the reason that they consider the recent decision of this court in the above-mentioned Ellis case, 168 Ohio St., 241, as controlling in the instant case. This recent decision is discussed in the brief of the plaintiff but is not mentioned in the brief of the defendant.
The decisions of this court receiving the most attention of both counsel in their briefs are those in the cases of Landrum v. Middaugh, 117 Ohio St., 608, 160 N. E., 691, and Morrow v. Hume, Admx., 131 Ohio St., 319, 3 N. E. (2d), 39. They are discussed and distinguished in the opinion in the Ellis case, supra.
*16 In the Landrum case the plaintiff was not permitted to recover from his foreman after having been awarded compensation by the Industrial Commission. In the later Morrow case, recovery was allowed. In his opinion in the latter case, Williams, J., attempted to distinguish the two cases in the following comment:
“This court is driven to the conclusion that this case may be distinguished from Landrum v. Middaugh, supra. In that case a board had been caught by a conveyor and by it carried, into a dry pan, thereby obstructing and interfering with the free operation of the machinery. The defendant, who was the foreman of the company operating the plant, directed the ‘plaintiff together with a fellow worker to assist him’ in taking the board from its lodgment. As the plaintiff, in obeying the order, reached his left arm into and under the dry pan to get the board, the defendant foreman, without notice or warning, started the machinery thereby crushing plaintiff’s arm. It thus appears that the foreman was the alter ego of the employer in the operation of the employer’s machinery.
“In the instant case the defendant was in a different position in that he was operating and controlling his own automobile. The defendant did owe a duty to the decedent and may be held to respond in damages for the wrongful death based on his negligence provided all elements warranting recovery are present.”
However, a majority of the present members of the court are of the opinion that the attempted distinction between the two cases is not sound.
In his opinion in the Ellis case, Matthias, J., expressed the following conclusion:
“Thus, the Morrow pase established the principle that employees of Ohio employers or the dependents of such employees are not precluded from recovering for injury or death merely because the alleged tort-feasor happened to be a co-employee; and Section 4123.54, enacted subsequent to the Morroio case, did not disturb that principle since it did not establish immunity for nonresident co-employees. In other words, the immunity from suit by injured employees which is granted an employer *17 by the Ohio Workmen’s Compensation Act does not necessarily extend to co-employees, whether resident or nonresident.
u * # #
“Thus, by the statutes of this state relating to workmen’s compensation and the decision of this court in the case of Morrow v. Hume, supra, an employee or his dependents, whether resident or nonresident, are not precluded from recovering damages from a co-employee for injuries or death, merely because of their receipt of benefits under a workmen’s compensation law; and, by the statutes above, such an employee, whether resident or nonresident, may maintain an action against his co-employee in Ohio where the injury resulted from the operation of a motor vehicle in this state by such co-employee. ”
Subsequently, however, the following caveat appears in the opinion:
“It is here noted that this decision relates only to a demurrer to an answer. In keeping with the general policy of this court to refrain from the expression of dicta, it follows that when we find that the answer demurred to does not contain a defense we have determined the only question before the court at this time. It may well be that a more complete treatment of the subject of suits by co-employees who have received compensation from the State Insurance Fund is merited. It is apparent, however, that such treatment must be left to a review by this court of a decision wherein there is a more complete record than in the instant case which has not passed the pleading stage. ’ ’
The third paragraph of the syllabus in the Ellis case reads as follows:
“3. In a wrongful-death action brought in Ohio, the place of the injury resulting in death, by the personal representative of an employee of a foreign corporation against a co-employee thereof, where an answer is filed which alleges that the plaintiff had received an award of compensation under the workmen’s compensation law of the foreign state, and that such law provides that such compensation shall constitute ‘the exclusive remedy to an employee, or * * * his dependents, when such employee is * * * killed by the negligence or wrong of another in the same employ,’ the principle of Hecc loci delicti’ applies, the substantive law of Ohio, rather than the substantive law of the *18 foreign state, is controlling, the law of Ohio does not preclude such an action, and such answer does not state a defense and is demurrable.”
While the chief contention in the Ellis case was the applicability of the law of New York to the Ohio action, the broad question was whether the answer stated a valid defense. If the defense stated was valid under either New York or Ohio law, it would seem obviously fatuous to sustain the demurrer to the answer, as was done. The court held that the law of New York was inapplicable and yet the demurrer to the answer was sustained. This was one way of saying that the answer did not state a defense and that the petition did state a cause of action against the defendant although the plaintiff already had been awarded compensation by the Industrial Commission.
In any event, this court is of the view that the Ohio rule is stated correctly in the syllabus in the Morrow case and in the opinion in the Ellis case. If the protection of the present workmen’s compensation law of this state is to be expanded to include fellow employees as well as employers, this is a question of legislative policy to be determined by the General Assembly or by constitutional amendment.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceeding in conformity with this decision.

Judgment reversed and cause remanded.

Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.