KRUPP *v.* POOR ET AL.

(No. 46827—Decided July 18, 1968.)

Common Pleas Court of Lake County.

*Mr. J. Melvin Andrews,* for plaintiff.
*Messrs. Eardley, Wantz & Svete,* for defendants.

SIMMONS, J.   Plaintiff has moved this court to vacate special verdicts of the jury and grant him a new trial, claiming error in preventing him from questioning prospective jurors as to any interest in a casualty insurance company.

After considering the motions, oral statement of plaintiff, briefs for and counter and the law, the motions are overruled.   Exceptions are noted for plaintiff.

IT IS SO ORDERED.

Prior to *voir dire* counsel for the individual and corporate defendants orally moved *in limine* that plaintiff's counsel be prohibited from asking the standard "insurance" questions of the panel.   He stated that the corporate

defendant was covered by insurance but that the individual defendant was not. This motion was sustained and counsel ordered not to ask questions. He excepted to this ruling and proffered into the record these questions he would have asked:

"Whether any of you, as jurors, are employed by a casualty insurance company?; Are any of the members of your immediate family employed by a casualty insurance company?; Do you or any of you have ownership or interest in a casualty insurance company?; Do any immediate members of any of your families have any ownership in a casualty insurance company?"

Plaintiff's counsel cites the case of *Salerno* v. *Oppman*, 52 Ohio App. 416, for the rule that it is reversible error to deny plaintiff the right to question prospective jurors, in good faith, concerning any relationship with or interest in a casualty insurance company. But *Salerno* is not controlling here. There are two significant distinctions between that case and this. *Salerno* involved a negligence action while this involves a claimed willful tort of assault and battery. That the *Salerno* holding was intended to apply narrowly to a negligence case is evidenced by the syllabus: "In an action founded upon allegations of negligence * * *" and the supporting citation to *Dowd-Feder, Inc.* v. *Truesdell*, 130 Ohio St. 530, which also involved negligence. Further, in *Salerno*, unlike this case there is no suggestion that the defendant was not covered by insurance.

I have found no reported case and counsel have cited none which is direct authority for a decision here. And so this issue can only be resolved by resort to reason, having in mind the expressed concern of courts that the parties obtain fair and unprejudiced trials. 56 A. L. R. 1454.

The key phrase running through decisions granting plaintiff the right to ask such questions on *voir dire* is "good faith."

"All questions must be propounded in good faith. The character and scope of the questions cannot be standardized but must be controlled by the court in the exercise of a

sound discretion, having for its purpose the securing to every litigant of an unbiased jury." *Dowd-Feder, Inc.*, v. *Truesdell* (*supra*).

Where a defendant is insured plaintiff has a legitimate "good faith" interest in knowing of any insurance connection of a prospective juror, for the presence of a juror who does have may deny him a fair and unprejudiced trial. *Pavilonis* v. *Valentine*, 120 Ohio St. 154 (involving negligence).

But where a defendant is not insured insurance questioning of prospective jurors tends to create an assumption in the jury that an insurance company is present to indemnify defendant against loss. *Vega* v. *Evans*, 128 Ohio St. 535 (involving negligence).

In the latter instance it can hardly be argued that plaintiff has a "good faith" interest justifying such questions.

Applying the test of reason then, tempered by the analogy of the cited cases, I am prepared to hold that in an intentional tort case, where the defendant is insured against judgment plaintiff has the right to ask these questions; further, where defendant is uninsured against judgment plaintiff has no such right.

But what of the case here, where one defendant is insured and the other is not?

I believe that on the particular facts of this case the court was right in denying the questions plaintiff proposed because the possibility of a prejudiced trial was far greater to the uninsured defendant than to plaintiff.

In an auto negligence case insurance questions are probably innocuous.

"It is a matter of common knowledge that auto owners rather generally carry casualty insurance." *Pavilonis* v. *Valentine* (*supra*).

This is Judge Robinson speaking in 1929. How much more a matter of common knowledge is it today. So that the inference created by the questions are doubtless in the jurors' minds already.

But this is not so in the case of an intentional tort.

If the questions had been asked here the uninsured defendant would possibly have suffered a lasting, trial-long prejudice with no available means of erasure.

The dissenting opinion of Judge Marshall in *Pavilonis* is persuasive; and he spoke in a case involving an insured defendant.

"And, whatever may be said pro and con on this subject, it must be clearly apparent to everyone that the reason for pursuing the examination, where the insurance company is not ostensibly interested, is not for the purpose of eliminating interested jurors, but to arouse the feelings of those who are accepted as jurors. Such questions are asked for the purpose of insinuating, or, as it sometimes appears, plainly indicating the background presence of an insurance company. The fact that such methods are resorted to by counsel for plaintiffs and that they are so stoutly resisted by counsel for defendants is proof sufficient that the experiences of the past have shown that verdicts are facilitated and the amount of recovery augmented by such means."

What possible prejudice did plaintiff incur by having the questions denied?

Counsel has said that he had the right to learn if a prospective juror was employed by the insurance company that insured the corporate defendant. But he knew the present employment of all the jurors and their spouses from the questionnaires supplied him. Further, he was free to question their past employment fully. Moreover, the uninsured defendant was the principal defendant here, with the corporation in the case only by virtue of a claimed agency relationship. Finally, the claim of prejudice can be decisively rebutted, it seems to me, by the fact that the special verdict relating to the issue of agency was answered *favorably for plaintiff* by a unanimous jury. Had any juror nursed a prejudice against plaintiff for any reason it surely would have been manifest here, upon the issue which was a prerequisite to liability of the corporation.