I respectfully dissent from the majority's opinion on appellant's first assignment of error. I believe that the fellow employee immunity statute requires that the trial court's denial of appellant's motion for summary judgment be affirmed.
Originally, the Ohio Supreme Court held that an employee who has received compensation pursuant to the provisions of the Workmen's Compensation Act[1] cannot subsequently maintain an action against a fellow employee seeking to recover for his injuries. Landrum v. Middaugh (1927), 117 Ohio St. 608. The court acknowledged that prior to the enactment of compensation law, the injured employee would have been able to sue either the employer or his co-employee but would have been required to elect one or the other. Id., citing French, Adm'r, v. CentralConstruction Co. (1907), 76 Ohio St. 509. The Landrum court reasoned that the co-employee's acts were essentially the acts of the employer and, thus, "they must logically be held to be the acts of the employer instead of the acts of the employee for the purpose of fixing the liability of the employee."Landrum at 616. Since the employer would be immune from liability under the Act, the court held that the tortfeasor employee was also immune from liability after the injured employee had accepted compensation under the Act. Id.
However, the court subsequently overruled Landrum and held that an employee who was injured and received compensation from the Industrial Commission would not be precluded from maintaining an action against a fellow employee for injuries resulting from the fellow employee's negligence. Gee v. Horvath
(1959), 169 Ohio St. 14. The court stated:
 If the protection of the present worker's compensation law of this state is to be expanded to include fellow employees as well as employers, this is a question of legislative policy to be determined by the General Assembly or by constitutional amendment.
Gee at 18. R.C. 4123.741 became effective four years later.
As discussed by the majority, for purposes of R.C. 4123.741, the definition of an employee includes "[e]very person in the service of any person, firm or private corporation * * *." I disagree with the majority's application of the "zone of employment" rule in the case sub judice.
The "zone of employment" rule evolved to assist courts in determining when a sufficient causal connection exists between an injury and the injured employee's employment to permit an employee to participate in the Workers' Compensation Fund.See, e.g., MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66. However, R.C. 4123.741 expressly provides that an employee of any employer shall not be liable to respond in damages at common law for "any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment * * *." (Emphasis added.)
Therefore, according to the plain language of the statute, the only relevant causation issue is whether the injury was suffered "in the course of and arising out of" theinjured employee's employment. This issue was previously decided in the affirmative when appellee was awarded workers' compensation benefits. Whether or not a causal connection exists between the employee who was responsible for the injury and his employment is not germane. Since a determination of when an employee is "in the service of" an employer does not require an inquiry into a causal relationship, I do not believe that the "zone of employment" test is applicable to the within action.
Although the "zone of employment" test has no doubt been used successfully to facilitate the determination of workers' compensation claims when an employee was injured while coming to or going from his fixed place of employment, I disagree with the majority's application of the rule that interferes with well-settled tort law. If the legislature had intended to grant immunity to a tortfeasor for a negligent act that occurred within the zone of his employment, it would have provided for such a broad application of immunity in clear, unambiguous terms. Since the immunity conferred by R.C. 4123.741 is "in derogation of the common law rule that persons are answerable for damages proximately caused by their tortious acts, [it] must be narrowly applied only to those persons satisfying the criteria set forth therein." Nobles v. Wolf (1990), 54 Ohio St.3d 75,81.
At the time of the incident, appellant had finished his shift for the day; he was no longer in the service of his employer. Therefore, R.C. 4123.741 does not provide immunity to appellant. I would have affirmed the trial court's denial of appellant's motion for summary judgment.
[1] Gen. Code 1465-37 to 1465-108.